BENJAMIN H. HOWELL and Others, Respondents, *v.* JAMES P. BENNETT, Appellant.

*Damages — failure to deny in an answer the amount of damage alleged in the complaint — not an admission of the amount — measure of damages for fraud in obtaining goods on credit.*

When, in an action brought by the vendor of goods sold on credit, to recover from the vendee damages because of his fraud in obtaining the goods by means of false representations as to his financial ability, the complaint alleges the value of the goods to be a certain sum, and that by reason of the premises the plaintiff has been damaged in a certain sum, the defendant does not admit the amount of the damages alleged by failing to deny in his answer these allegations of the complaint, and the plaintiff must prove the amount of damage sustained by him, or he will be entitled only to nominal damages.

In such an action the measure of the plaintiff's damages is the value of the goods sold and neither paid for nor returned.

If the vendor has received notes for the goods sold he should not be allowed, in such an action for damages, to recover the value of the goods without surrendering or offering to cancel the notes.

APPEAL by the defendant, James P. Bennett, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the city and county of New York on the 16th day of March, 1893, upon a verdict rendered at the New York Circuit, and also from an order entered in said clerk's office on the 23d day of March, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Denis A. Spellissy* and *Jos. L. Keane*, for the appellant.

*Frank E. Blackwell*, for the respondents.

FOLLETT, J. :

In 1890 the plaintiffs were wholesale dealers in teas and coffees in the city of New York, and the defendant was a retail dealer in those articles and in groceries in the same city. On the 6th of May, 1890, the defendant, for the purpose of obtaining credit, wrote the plaintiffs that he was worth from $10,000 to $15,000 over and above all liabilities, and was doing a prosperous business.

Upon this statement the plaintiffs sold, on credit, to the defendant, on May sixth coffee at the agreed price of $4,371.57, which he sub-

sequently paid. Afterwards, and before June 28, 1890, the defendant wrote the plaintiffs as follows :

"NEW YORK, ———, 188–.

" Mess. H. B HOWELL, SON & CO. :

" GENTLEMEN.— I wish to amend my former statement as follows :

" My assets exceed my liabilities by not less than twelve thousand dollars; this does not include any horses, trucks, wagons, machinery, fixtures or good will of my stores. My business is paying about $15,000 yearly for past 15 months.

"Resp'y,
"J. P. BENNETT."

After receiving this statement the plaintiffs sold to the defendant teas and coffees for the following sums, on the following dates, on a credit of ninety days : June 28, 1890, $2,971.50; July 10, 1890, $3,367.35; July 14, 1890, $495.38; July 24, 1890, $1,152.34; September 25, 1890, $2,468.42.

The goods sold on the 28th of June, 1890, were paid for, but the subsequent bills have not been paid. On the 7th of October, 1890, the defendant made a general assignment. This action is brought to recover damages on the ground that the defendant obtained the goods by means of false representations in respect to the amount of his property and of his ability to pay. It should be observed that this action is not to recover damages for the conversion of the goods, the plaintiffs not seeking to disaffirm the sales and recover the value of the goods, but damages for the fraud. It is alleged in the complaint "that the value of the said goods, wares and merchandise so sold and delivered as aforesaid, was the sum of $7,211.31, and no part of the price or value thereof has been paid."

On the trial one of the plaintiffs testified to the sale of the four bills last above mentioned, which aggregate $7,479.49, which is $268.18 more than the amount stated in the complaint, which is evidently the value of certain goods referred to by the judge in his charge to the jury as having been replevined by the plaintiffs. On the trial, a witness sworn for the plaintiffs, who had charge of the replevin action, testified that they recovered teas of about the value of $230. The assignee, who was called by the plaintiffs, testified that the plaintiffs replevined goods of the value of $3,000 or $4,000. The defendant testified, and in this he was not contradicted, that he

returned about seventy-six bags of coffee worth about $2,200; and the plaintiffs' witness, Steven, testified that warehouse orders for coffee were returned by the defendant to the plaintiffs shortly before his failure, but he did not know their value. One of the plaintiffs testified that the defendant gave his notes for the sales made in July.

The foregoing is all of the evidence bearing upon the question of damages which was given upon the trial.

Upon the question of damages the court instructed the jury as follows: "I have mentioned the sum of $2,468.42. A larger sum has been stated to you, but I withdraw from your consideration the amounts mentioned, because the defendant has given notes for those amounts, and there is no evidence before you showing where the notes are. They have not been produced on the trial, and they may be outstanding now in the hands of a man who would have a right to sue the defendant and to recover upon them. Therefore, I have withdrawn those from your consideration — the three items of $3,367.35, $495.38, $1,152.34, and I leave only for your consideration the last item of $2,468.42, for which no note was given. If you come to the conclusion to find a verdict for the plaintiffs, then you may add to that sum interest from the 25th of September, 1890."

At this point the plaintiffs' counsel asserted that the damages were admitted in the pleadings. The following are the allegations in the complaint bearing upon this question :　•

" *Fifth.* That the value of the said goods, wares and merchandise so sold and delivered as aforesaid, was the sum of $7,211.31, and no part of the price or value thereof has been paid.

" *Sixth.* That by reason of the premises the plaintiffs have been damaged in the sum of $7,565.28."

These allegations are not denied in the answer. The court then charged the jury : " I withdraw what I have said as to the amount of damages. 　＊　＊　＊

" The defendant admits certain damages amounting to $7,483.49, from which is to be deducted the sum of $988.97, the amount of a dividend received, and also the further sum of $272.18, the amount of goods replevined.

" On that balance you may, if you see fit to award any verdict for the plaintiffs, allow interest."

The jury returned a verdict for $7,155.69. The defendant's counsel did not request that the value of the goods replevined be submitted to the jury, nor did he ask that the jury be instructed to take into account the value of the goods returned by the defendant, but he did take an exception to that portion of the charge instructing the jury as to the amount of the verdict, provided they found one. We think this exception is sufficient to raise the question that an error was committed in submitting the question of damages. In this action the measure of the plaintiffs' damages would be the value of the goods sold and not paid for nor returned. If, as testified to by the defendant, the goods of the value of $2,200 had been returned, this sum should have been deducted. Again, in an action of this kind the plaintiffs should not be allowed to recover the value of the goods without surrendering or offering to cancel the notes which were given for them.

It is alleged that the fifth and sixth divisions of the complaint not having been denied the amount of the plaintiffs' damages was admitted. In an action arising out of a tort and sounding in damages, the defendant, by failing to deny the amount of damages alleged to have been sustained, does not admit them, and the plaintiff must prove the amount sustained by him or he will be entitled only to nominal damages. (*Connoss* v. *Meir*, 2 E. D. Smith, 314; *Hackett* v. *Richards*, 3 id. 13; *McKensie* v. *Farrell*, 4 Bosw. 192; *Stuart* v. *Binsse*, 10 id. 436; *Gilbert* v. *Rounds*, 14 How. Pr. 46; *Vanderslice* v. *Newton*, 4 N. Y. 130; *Woodruff* v. *Cook*, 25 Barb. 505; Sedg. Dam. [8th ed.] § 1260; Pom. Rem. § 617; Moak's Van Sant. Pldgs. 798; Boon's Code Pldgs. § 75; Abb. Tr. Brief Pldgs. §§ 39, 536, 540.)

The court erred in holding the defendant bound by the undenied allegations respecting the damages contained in the complaint. The jury should have been permitted to take into account the value of the goods returned voluntarily and through the action in replevin.

It is quite impossible to determine from the record upon what theory the damages in this case were assessed, and were it not for the statement that the case contains all of the evidence we might assume that some evidence was given or some admission made which would sustain the verdict, but from the record as made up we are

of the opinion that an error was committed in the assessment of damages which entitles the defendant to a new trial.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

Van Brunt, P. J., and Parker, J., concurred.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.