WEBB v. HOMER W. HEDGE CO.

(Supreme Court, Appellate Division, Second Department. June 18, 1909.)

DISCOVERY (§ 86*)—STATUTORY PROVISIONS—INSPECTION OF BOOKS.

Plaintiff's assignor contracted with defendant to serve for five years as its manager and treasurer for a fixed salary and a percentage of the profits, and after about three years he was wrongfully dismissed without previous notice and without an opportunity to secure information from defendant's books as to the amount of compensation due him. *Held*, that as the books were in possession of defendant, and an inspection could be had without serious inconvenience, and defendant did a large business while plaintiff's assignor was in its employ, and there was no way of showing the amount he was entitled to except by the books, an order allowing plaintiff to inspect defendant's books should be granted, under Code Civ. Proc. § 803, authorizing a court to compel a party to give the other party an inspection of a book in his possession relating to the merits of the action or defense.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 112; Dec. Dig. § 86.*]

Appeal from Special Term, Kings County.

Action by Benjamin F. Webb against the Homer W. Hedge Company. From an order of Special Term denying plaintiff's motion for an inspection of defendant's books and papers, plaintiff appeals. Order reversed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

E. W. McMahon (Curtis Calvin Cooper, on the brief), for appellant.

Charles Haldane (Eugene P. Weed, on the brief), for respondent.

RICH, J. This appeal is from an order denying plaintiff's motion for a discovery and inspection of the books and papers of the defendant, under the provisions of section 803 of the Code of Civil Procedure, for the purpose of enabling the plaintiff to prepare for trial.

The complaint alleges the breach of a contract by the defendant, which provided, among other things, that one Etheridge, the plaintiff's assignor, was to loan to defendant $5,000 for five years, and that defendant was to employ Etheridge as its manager and treasurer for a period of five years at a fixed salary, and a $15/73$ share of the net profits of defendant's business each year, and a one-third share of the profits of all business secured by the said Etheridge for the defendant; that the contract was performed on the part of Etheridge for about three years, when he was wrongfully dismissed. It was shown by the moving papers that the dismissal was without previous notice, and without an opportunity to secure information from defendant's books as to the amount of compensation due him under the contract; that the books are now in the possession of the defendant; and that an inspection can be had without serious inconvenience.

The defendant did a large business during the time of Etheridge's employment, and there is no way of showing the amount he was entitled to receive except by recourse to the books. Many of the mat-

ters now in dispute will undoubtedly be eliminated by an inspection, and we are of the opinion that the order should have been granted. We think, however, that there is no occasion to take the time plaintiff asks for the examination.

The order must be reversed, with $10 costs and disbursements, and the proceeding remitted to the Special Term, with instructions to make a proper order for the inspection of defendant's books. All concur.