## SINCLAIR REFINING CO. *v.* JENKINS PETROLEUM PROCESS CO.

No. 752. Argued May 11, 12, 1933.—Decided May 29, 1933.

*Mr. Dean S. Edmonds,* with whom *Mr. Frank E. Barrows* was on the brief, for petitioner.

*Mr. C. Stanley Thompson,* with whom *Mr. Frederick Schafer* was on the brief, for respondent.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

A bill of discovery in aid of an action at law was dismissed by the District Court, 56 F. (2d) 272, but upheld upon appeal by the Circuit Court of Appeals. 62 F. (2d) 663. The question is whether the bill is good upon its face.

The respondent, Jenkins Petroleum Process Company, loaned to the petitioner, Sinclair Refining Company, then known as the Cudahy Refining Company, an experimental still for cracking petroleum oils to produce gasoline. By written agreement, any improvements developed as the result of the work of the petitioner's engineers and experts in making themselves familiar with the Jenkins apparatus or process were to belong to the respondent. The petitioner, or its predecessor, undertook, so far as it was able, to cause its employees to execute applications for patents in the United States and elsewhere in order to protect such improvements, and to assign the applications to the petitioner together with the improvements affected thereby.

In January, 1921, the respondent filed a bill in equity for specific performance. Isom, an employee of the peti-

tioner, applied for a patent on September 10, 1917, and when the patent was issued on November 19, 1918, assigned it to his employer. The respondent made claim to the patent on the ground that it was an improvement of the Jenkins invention. After a trial upon the merits, the bill for specific performance was dismissed, the court holding that there was doubt whether Isom's invention was the outcome of his use of the Jenkins apparatus, or of independent thought and knowledge. 32 F. (2d) 247. There was an appeal from the decree to the Circuit Court of Appeals for the First Circuit. That court invoked the principle that to uphold a decree for specific performance there must be clear and convincing evidence, and not merely such evidence as would sustain a recovery at law. In that view the decree was affirmed in so far as it dismissed the prayer for equitable relief, but the dismissal was coupled with a direction that the cause be transferred to the law side of the court, the plaintiff to have leave to amend by turning his cause of action into one for the recovery of damages. 32 F. (2d) 252.

The action at law is now at issue, and the plaintiff prays for a discovery. It alleges in its bill that the evidence of the facts to be discovered is contained in voluminous books and documents which could not be inspected or proved upon a trial at law for damages without confusion and delay. Discovery is demanded as to the number of cracking stills constructed by the defendant under the Isom patent; as to the extent and time of operation; and as to the amount of gasoline and other petroleum products yielded thereby, with an inspection of the relevant designs and drawings. The District Court granted a motion to dismiss the bill, placing its decision upon two grounds, (1) that a bill of discovery will not lie when the facts to be discovered relate to damages only, and (2) that the value of the patents has no relation to the sales of the patented device, and that evidence of such sales

would be inadmissible if offered. The Court of Appeals reversed, one judge dissenting. In the view of the majority of the court, the damages to be recovered in an action at law may be proved by resort to a discovery in equity, if the ancillary remedy is reasonably necessary to advance the ends of justice. *Munger* v. *Firestone Tire & Rubber Co.*, 261 Fed. 921, and *Loose* v. *Bellows Falls Pulp Plaster Co.*, 266 Fed. 81, were disapproved to the extent that they involve a ruling to the contrary. As to the measure of damages, and the evidence pertinent thereto, the court held that the plaintiff was not concerned with the defendant's profits, since it was suing for breach of contract, and not as equitable owner. Even so, in ascertaining the value of the patent at the time of the breach, the triers of the facts would be at liberty to consider the commercial use that had been made of the patented device. The court went on to indicate restrictions as to the order of proof which were thought to be appropriate. At first and as part of the case in chief, the plaintiff was to be confined within rather narrow limits. It might show " the general facts about the Isom invention, not specific instances of profitable use by this person or that." The need for greater detail, however, might develop with the trial. "If . . . the defendant should deny the utility and commercial success of the invention, evidence of the defendant's use of it might be highly significant; and under those circumstances the plaintiff would be entitled to discovery of them." The information to be exacted of the defendant was thus, in the view of the court, to be adjusted to the need. To permit that adjustment the bill was to be retained until the trial, and prompt discovery would then be ordered if the situation thus developed should call for that relief. A writ of certiorari prayed for by the defendant, has brought the case here.

■ The remedy of discovery is as appropriate for proof of a plaintiff's damages as it is for proof of other facts essential to his case.

Help for the solution of problems of this order is not to be looked for in restrictive formulas. Procedure must have the capacity of flexible adjustment to changing groups of facts. The law of discovery has been invested at times with unnecessary mystery. There are few fields where considerations of practical convenience should play a larger rôle. The rationale of the remedy, when used as an auxiliary process in aid of trials at law, is simplicity itself. At times, cases will not be proved, or will be proved clumsily or wastefully, if the litigant is not permitted to gather his evidence in advance. When this necessity is made out with reasonable certainty, a bill in equity is maintainable to give him what he needs. Equity Rule 58. There were other reasons in times past, when parties were not permitted to be witnesses, and when there was no compulsory process for the production of books or documents. *Carpenter* v. *Winn,* 221 U.S. 533; *Pressed Steel Car Co.* v. *Union Pacific R. Co.,* 240 Fed. 135, 136. Today the remedy survives, chiefly, if not wholly, to give facility to proof. In the practice of many states there is a summary substitute by an order for examination before trial or for the inspection of books and papers. The substitute has never found its way into the procedure of the federal courts. *Ex parte Fisk,* 113 U.S. 713. The remedy in those courts is still by bill in equity as in days before the codes. *Colgate* v. *Compagnie Francaise,* 23 Fed. 82; *Pressed Steel Car Co.* v. *Union Pacific R. Co., supra.*

To state the function of the remedy is to give the password to its use. There are times when a suit is triable in separate parts, one affecting the right or liability, and the other affecting the measure of recovery. In suits of

that order a discovery as to damages will commonly be postponed till the right or liability has been established or declared. *Schrieber* v. *Heyman,* 63 L.J.Rep. 749 (1894); *Elkin* v. *Clarke,* 21 W.R. 447 (1873); *Parker* v. *Wells,* L.R. 18 Ch. Div. 477; *Fennessy* v. *Clark,* L.R. 37 Ch. Div. 184; *De la Rue* v. *Dickinson,* 3 K. & J. 388; Peile, The Law and Practice of Discovery, pp. 26–29; Bray, Principles and Practice of Discovery, pp. 14, 15; Wigram, Points in the Law of Discovery, § 45. As a general thing it will be useless to decree it any earlier, and may even be oppressive. " The principle of judicial parsimony" (L. Hand, J., in *Pressed Steel Car Co.* v. *Union Pacific R. Co., supra*), if nothing more, condemns a useless remedy. This division of the trial into stages or instalments will happen oftenest in suits in equity, though it is not unknown in actions at law where a jury has been waived. In equity it is common practice. Thus, a suit to establish a partnership or to restrain the infringement of a patent culminates, if successful, in an interlocutory decree, which will be followed by an accounting and a discovery of documents. In these and like cases, the accounts will not be probed until the right has been adjudged.

A different situation is presented where the action is at law and is triable by judge and jury. There interlocutory judgments are unknown, at all events where the defendant has answered generally and not by special plea, and the verdict establishing the right establishes at the same time the amount to be recovered. The answer being general, the case according to common law practice must be tried as a unit and not broken into parts. In such circumstances damages may be proved with the aid of a discovery, if the complication of accounts or other practical impediments make it necessary that the evidence be sifted in advance. *Pape* v. *Lister,* L.R. 6 Q.B. 242; *Saunders* v. *Jones,* L.R. 7 Ch. Div. 435, 452; *Elkin* v.

*Clarke, supra; Sherwood Bros.* v. *Yellow Cab Co.,* 283 Pa. St. 488, 491, 492; 129 Atl. 563; *Wells* v. *Holman,* 115 S.C. 443; 106 S.E. 224; *McKinnon Young Co.* v. *Stockton,* 55 Fla. 708; 46 So. 87; *Burns* v. *Lipson,* 204 App. Div. (N.Y.) 643; 198 N.Y.S. 810; *Webb* v. *Homer W. Hedge Co.,* 133 App. Div. (N.Y.) 420; 117 N.Y.S. 643; *Iroquois Hotel & Apartment Co.* v. *Iroquois Realty Co.,* 126 App. Div. 814; 111 N.Y.S. 172; *Harbaugh* v. *Middlesex Securities Co.,* 110 App. Div. 633; 97 N.Y.S. 350; Peile, *supra,* p. 112; Bray, *supra,* p. 21. " I have consulted my learned Brothers," said Lush, J., in *Pape* v. *Lister, supra,* " and the conclusion at which we have arrived is that thi: rule must be made absolute. I do not agree with Mr. Wills's contention that ' relating to such action ' means relating to the issues raised. I think if documents relate to the amount of damages, that is quite sufficient."

*Munger* v. *Firestone Tire & Rubber Co.,* 261 Fed. 921, is cited by the petitioner as supporting a general rule that the necessity of proving damages is never a sufficient ground for a discovery in equity. If confined to its special facts, the decision may not be wrong. Very likely the bill was insufficient to make out a *prima facie* showing of right or liability. If the case stands for more than that, as the opinion indicates it does, it does not have our approval. The point is made in it that damages are not part of the " issues " in a lawsuit, and that the interrogatories to be answered by a defendant under a bill of discovery are to be directed to the issues and not to anything else. There is indeed a rule of common law pleading that the statement of general damages in the *ad damnum* clause of a complaint is not an issuable allegation. *McClelland* v. *Climax Hosiery Mills,* 252 N.Y. 347, 356; 169 N.E. 605; *Howell* v. *Bennett,* 74 Hun 555, 558; 26 N.Y.S. 627. This does not mean, however, that the plaintiff will not have to prove his damages if he wishes to get more than a nominal verdict. Quite to the con-

trary, it means that he will have to prove them though the defendant has omitted to deny them in the answer. It is a *non sequitur* to argue from this that the quantum of the damages is not a part of the case to be proved through the aid of a discovery if proof upon the trial will be burdensome or difficult. To this it must be added that interrogatories today are no longer any part of the pleadings, whatever they may once have been. Equity Rule 58 has taken that quality away from them. *Luten* v. *Camp,* 221 Fed. 424. They are not instruments in any technical sense for the joinder of issue. They are forms of examination preliminary to trial.

The petitioner is not helped by our decision in *United States* v. *Bitter Root Development Co.,* 200 U.S. 451, 472. The complainant in that suit did not seek a discovery in aid of an action at law for the recovery of damages. The suit was for general relief as well as for discovery, the prayer for discovery being merely incidental. The complainant was attempting to transfer to a court of equity the control of a suit that was triable at law. Cf. *Colgate* v. *Compagnie Francaise, supra,* p. 85; *Whittemore* v. *Patten,* 81 Fed. 527; Wigram, *supra,* § 10. The incident fell with the fall of the principal.

*Loose* v. *Bellows Falls Pulp Plaster Co., supra,* also cited by the petitioner, has a *dictum* approving the decision in *Munger* v. *Firestone Tire & Rubber Co., supra,* but the point was not involved, for the plaintiff was not asking for discovery as an auxiliary remedy in furtherance of his remedy at law, but was attempting, like the complainant in the *Bitter Root* case, to subject the entire suit to the jurisdiction of equity

To hold that the plaintiff in an action at law may have discovery of damages is not to say that the remedy will be granted as of course, or that protection will not be given to his adversary against impertinent intrusion. Wigram, *supra,* § 115. The court may decline to open

the defendant's records to the scrutiny of a competitor posing as a suitor, if the suit has been begun without probable cause or as an instrument of malice. It is all a matter of discretion. Good faith and probable cause were here abundantly established. The remedy of specific performance had been refused, but the very court that refused it had found sufficient merit in the suit to call for an amendment of the pleadings that would give the plaintiff an opportunity to maintain a remedy at law.

The decree under review protects the petitioner with sedulous forethought against an oppressive inquisition. Only the most general facts are to be discovered in advance of trial. The bill is to be retained, however, to be available in case of need. If the occasion for fuller scrutiny shall afterwards develop, there may thus be an inspection of the records without the delay that would be inevitable if a new bill had to be filed with a new opportunity to the defendant to answer or demur. Presumably the jury could be held together in the interval, and the trial at law adjourned. This relief may have been less than the plaintiff should have had. It was certainly not more.

■ The use that has been made of the patented device is a legitimate aid to the appraisal of the value of the patent at the time of the breach.

This is not a case where the recovery can be measured by the current prices of a market. A patent is a thing unique. There can be no contemporaneous sales to express the market value of an invention that derives from its novelty its patentable quality. Cf. *United States* v. *Swift & Co.*, 270 U.S. 124; *Todd* v. *Gamble,* 148 N.Y. 382; 42 N.E. 982. But the absence of market value does not mean that the offender shall go quit of liability altogether. The law will make the best appraisal that it can, summoning to its service whatever aids it can command. *United States* v. *Swift & Co., supra; U.S. Frumentum*

*Co.* v. *Lauhoff,* 216 Fed. 610; *Industrial & General Trust, Ltd.* v. *Tod,* 180 N.Y. 215, 232; 73 N.E. 7; Sedgwick, Damages, 9th ed., vol. 1, pp. 491, 504. At times the only evidence available may be that supplied by testimony of experts as to the state of the art, the character of the improvement, and the probable increase of efficiency or saving of expense. *Dowagiac Mfg. Co.* v. *Minnesota Moline Plow Co.,* 235 U.S. 641, 648, 649; *Suffolk Co.* v. *Hayden,* 3 Wall. 315, 320; *U.S. Frumentum Co.* v. *Lauhoff, supra.* This will generally be the case if the trial follows quickly after the issue of the patent. But a different situation is presented if years have gone by before the evidence is offered. Experience is then available to correct uncertain prophecy. Here is a book of wisdom that courts may not neglect. We find no rule of law that sets a clasp upon its pages, and forbids us to look within.

*Ithaca Trust Co.* v. *United States,* 279 U.S. 151, does not commit us to a different holding. The problem there before the court was one as to the appraisal of a life estate for the purpose of the assessment of a tax. The intention of the lawmakers was held to be that the computation of the tax should be made as of the death of the testator on the basis of a law of averages. Cf. *Matter of Wagner* v. *Wilson & Co.,* 251 N.Y. 67, 71; 167 N.E. 174. A different question would have been here with a different result if we had been measuring the damages for a breach of contract or a tort. To correct uncertain prophecies in such circumstances is not to charge the offender with elements of value non-existent at the time of his offense. It is to bring out and expose to light the elements of value that were there from the beginning. *Brightson* v. *Claflin Co.,* 180 N.Y. 76, 83, 84; 72 N.E. 920; *Wakeman* v. *Wheeler & Wilson Mfg. Co.,* 101 N.Y. 205, 217; 4 N.E. 264; cf. *City of New York* v. *Sage,* 239 U.S. 57; *Cincin-*

*nati Siemens Lungren Gas Co.* v. *Western Siemens Lungren Co.*, 152 U.S. 200; *Henry* v. *North American Railway Construction Co.*, 158 Fed. 79, 80, 81; Williston, Contracts, Vol. III, p. 2394.

Value for exchange is not the only value known to the law. of damages. There are times when heed must be given to value for use, if reparation is to be adequate. *Barker* v. *Lewis Storage & Transportation Co.*, 78 Conn. 198; 61 Atl. 363; *Green* v. *Boston & Lowell R. Co.*, 128 Mass. 221; *Citizens Bank* v. *Fitchburg Fire Ins. Co.*, 86 Vt. 267; 84 Atl. 970; *McAnarney* v. *Newark Fire Ins. Co.*, 247 N.Y. 176, 184, 185; 159 N.E. 902; Sedgwick, *supra*, pp. 504–507. An imaginary bid by an imaginary buyer, acting upon the information available at the moment of the breach, is not the limit of recovery where the subject of the bargain is an undeveloped patent. Information at such a time might be so scanty and imperfect that the offer would be nominal. The promisee of the patent has less than fair compensation if the criterion of value is the price that he would have received if he had disposed of it at once, irrespective of the value that would have been uncovered if he had kept it as his own. Formulas of measurement declared *alio intuitu* may be misleading if wrested from their setting and applied to new conditions. See, e.g., *Standard Oil Co.* v. *So. Pac. Co.*, 268 U.S. 146, 155. The market test failing, there must be reference to the values inherent in the thing itself, whether for use or for exchange. *Industrial General & Trust Co.* v. *Tod, supra*. These will not be known by first imagining a forced sale, and then accepting as a measure its probable results. The law is not so tender to sellers in default.

■ Section 724 of the Revised Statutes permitting the use of a subpoena *duces tecum* for the production of books and papers has not superseded the remedy of dis-

covery in cases where inspection during the trial and in the presence of the jury will produce delay or inconvenience. *Carpenter* v. *Winn, supra; Pressed Steel Car Co.* v. *Union Pacific R. Co., supra.*

The court did not exceed the bounds of a legitimate discretion in holding that these embarrassments might reasonably be expected to follow if discovery were refused.

The decree should be

*Affirmed.*