## TROPHY TOWER SALES CORPORATION v. GILLETTE SAFETY RAZOR CO. et al.

District Court, S. D. New York.
Jan. 31, 1934.

Lampke & Stein, of New York City (Israel B. Oseas, of New York City, of counsel), for plaintiff.

Caruthers Ewing, of New York City, for all defendants but Gillette Safety Razor Co.

Tanzer & Mullaney, of New York City, for defendant Gillette Safety Razor Co.

COXE, District Judge.

This is a motion under Equity Rule 29 (28 USCA § 723) to dismiss a bill of discovery for insufficiency. The bill has attached to it the pleadings in the law action. There are also annexed a multitude of interrogatories addressed to the various defendants covering all phases of the plaintiff's case. It is further alleged that the facts to be elicited are exclusively within the knowledge of the defendants, and that the plaintiff cannot safely proceed to trial without discovery from the defendant.

The law action is for treble damages under section 4 of the Clayton Act (15 USCA § 15), for alleged violation of the anti-trust laws; and the complaint charges the defendants with conspiracy to monopolize and restrain competition in interstate commerce in the sale of double-edged razor blades. The defendants have answered denying the material allegations of the complaint, and the case is at issue awaiting trial.

 It is urged in support of the motion that the discovery bill is defective and that it fails to make out a prima facie showing of probable cause of liability. But it is not contended that the complaint in the law action is demurrable; and, on a motion to dismiss under Equity Rule 29 (28 USCA § 723), the facts alleged in the bill must be taken as admitted. Zolla v. Grand Rapids Store Equipment Corp. (D. C.) 47 F.(2d) 611. These allegations on their face are sufficient. Moreover, the scope of the examination is not presented at this time as the interrogatories are no part of the pleading, Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U. S. 689, 696, 53 S. Ct. 736, 77 L. Ed. 1449, and Equity Rule 58 (28 USCA § 723) provides adequate machinery for determining the propriety of any interrogatories to which objection may be made. I am bound to assume also that in passing on these objections the court will be extremely careful to protect the defendants from anything in the nature of "impertinent intrusion" or "oppressive inquisition." Sinclair v. Jenkins, supra, pages 696, 697, of 289 U. S., 53 S. Ct. 736.

The practice of incorporating in the bill the pleadings in the law action is not objectionable, Pressed Steel Car Co. v. Union Pac. R. Co. (D. C.) 240 F. 135; and discovery in aid of an action for damages under the Clayton Act (38 Stat. 730) has been sustained in this circuit, Baush Mach. Tool Co. v. Aluminum Co. (C. C. A.) 63 F.(2d) 778. I do not doubt therefore that the present bill is legally sufficient.

It is not a ground for refusing to entertain the bill that the answers to the interrogatories may result in self-incrimination; for the corporate defendant is not privileged, Wilson v. U. S., 221 U. S. 361, 31 S. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558; Essgee Co. v. U. S., 262 U. S. 151, 43 S. Ct. 514, 67 L. Ed. 917; and the individual defendants cannot properly raise the question until answers to the interrogatories are required, Mason v. U. S., 244 U. S. 362, 37 S. Ct. 621, 61 L. Ed. 1198; Abrams v. U. S. (C. C. A.) 64 F.(2d) 22. Neither is there anything in the contention that section 724 of the Revised Statutes (28 USCA § 636) is an adequate substitute. Sinclair v. Jenkins, supra, page 699 of 289 U. S., 53 S. Ct. 736; Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842.

The motion to dismiss is denied.