## JENKINS PETROLEUM PROCESS CO. v. SINCLAIR REFINING CO.

### No. 939.

District Court, D. Maine, S. D.
March 10, 1934.

See, also, 56 F. (2d) 272.

Philip G. Clifford, of Portland, Me., and C. Stanley Thompson and Frederick Schafer, both of Washington, D. C., for plaintiff.

Verrill, Hale, Booth & Ives, of Portland, Me. (Chas. D. Booth, of Portland, Me., and Frank E. Barrows, of New York City, of counsel), for defendant.

PETERS, District Judge.

This bill for discovery having been passed upon and upheld by the Circuit Court of Appeals and by the Supreme Court, now comes before this court to determine what discovery the plaintiff is entitled to obtain from the defendant under the principles laid down by the two courts mentioned.

The bill and the answer having been amended and several additional interrogatories filed, the defendant objects to nearly all

of the interrogatories on the ground that they are not proper in view of the opinions of the upper courts. The plaintiff points to the same opinions as authority for the discovery asked. Jenkins Petroleum Process Company v. Sinclair Refining Company (C. C. A.) 62 F.(2d) 663, 665, and Id.; 289 U. S. 689, 53 S. Ct. 736, 739, 77 L. Ed. 1449.

In the now pending suit at law between these parties, in aid of which this bill for discovery is brought, damages are claimed for breach of an agreement to assign an application for a patent called the Isom patent, owned by the defendant.

Discovery was demanded as to the number of cracking stills constructed by the defendant under the Isom patent; as to the extent and time of operation, and as to the amount of gasoline and other products yielded thereby, with an inspection of the relevant designs and drawings.

Considering the measure of damages and the evidence pertinent thereto, the Circuit Court of Appeals held that the plaintiff's damages are the loss which it sustained by being deprived of the application and the resulting patent; that an application for a patent has no "market" value in the strict use of the term.

"Its money value may be estimated from the nature of the invention disclosed, its place in the art to which it relates, the step which the inventor took, and the change which it effected in the practice of the art. * * *

"We do not think that a court, valuing in judicial proceedings an invention described in an application for a patent, is obliged to shut its eyes to the result of the application, nor to the commercial utility of the invention as shown by the use of it in the art or industry to which it relates. * * * .

"Such evidence is not for the purpose of showing increase in value or new uses, * * * but to show the inherent character and place of the invention in question. * * * Of course commercial success of an invention may be due less to its own merit than to the ability with which it was exploited. The weight to be given such 'evidence rests in the discretion of the jury or trier of the fact. We cannot say that no evidence of that sort ought to be received in the action at law to which this bill of discovery relates, and that therefore discovery of it ought not to be ordered.

"The profits if any which the Sinclair Company made by using the Isom invention have no relevancy on the question of damages, and no discovery should be ordered in respect to them. * * *

"Nor is the precise extent to which the defendant made use of the Isom invention material on the plaintiff's case in chief. * * * The plaintiff is entitled to show the general facts about the Isom invention, not specific instances of profitable use by this person or that. The probative value of such evidence is outweighed by the extent and complexity of the collateral inquiries which it involves.

"If, however, the defendant should deny the utility and commercial success of the invention, evidence of the defendant's use of it might be highly significant; and under those circumstances the plaintiff would be entitled to discovery of them.

"The bill should be retained for this purpose. If such a situation shall develop at the trial prompt discovery can then be ordered."

The Supreme Court sustained the Circuit Court of Appeals in holding that the remedy of discovery is as appropriate for proof of a plaintiff's damages as it is for proof of other facts essential to his case. It also held that the use that has been made of the patented device is a legitimate aid to the appraisal of the value of the patent at the time of the breach. It approved the principles enunciated in the opinion of the Circuit Court of Appeals as to the extent of the discovery permitted, and states that such relief was certainly not more than the plaintiff was entitled to, and may have been less. The scope of the inquiry into the operations of the defendant concerning the use of this patent, permitted to the plaintiff by the opinion of the Circuit Court of Appeals, is wholly approved by the Supreme Court but not definitely enlarged.

It is clear, however, that the statement of principles of law by the Supreme Court require a broad, rather than a narrow or restricted, construction of the rules laid down by the Circuit Court of Appeals.

Coming now to the matter of interrogatories to be answered:

The plaintiff admits here, as it did before the Supreme Court, that under the opinion of the Circuit Court of Appeals it was not entitled to discovery of the details as to the amounts of the products resulting from the operation of the Isom cracking stills by the defendant or as to the amount of stock charged into them by the defendant, as the "precise extent" to which the defendant made use of that invention was held not material to the issue. Now, however, the plaintiff claims that by reason of a denial of the util-

ity and commercial success of the Isom patent by the defendant the latter has brought about the contingency referred to in the Circuit Court of Appeals' opinion and that the bar to showing the "precise extent" of use by the defendant has been removed.

I agree with the plaintiff in its interpretation of the opinion of the Circuit Court of Appeals, but do not agree that the defendant has denied the utility and commercial success of the invention. I do not consider that the amended answer goes to the extent of such a denial, nor do I think that defendant can take that position in view of its previous assertions of commercial use of the Isom invention and the positive and reiterated statements of counsel in its behalf that utility and commercial success are admitted.

It follows that objections to interrogatories 14 and 15 are sustained.

■ I think the same limitations apply to the interrogatories numbered 16 to 25, inclusive, which were added to the bill by amendment, and that the objections to them should be sustained, the defendant admitting utility and commercial success.

These interrogatories relate to specific instances and detailed results of certain operations by the defendant, barred by the Circuit Court of Appeals as immaterial on the plaintiff's case in chief, and I cannot find sufficient authority in the Supreme Court opinion to justify a contrary position at the present time.

I think the other interrogatories should be answered. Some of them have been.

■ The defendant objects to interrogatory 1 and kindred interrogatories, which inquire whether, during the period involved, the defendant has used cracking stills embodying the characteristic features of the Isom patent, on the ground that a legal conclusion is called for, and on the further ground that defendant's commercial stills include inventions and improvements in addition to the Isom invention. The defendant also suggests that the production of drawings asked for in connection with the answer to interrogatory 1 would raise collateral questions and add unnecessary complexity to the issues.

As to the first point, this is not an infringement suit, nor is the plaintiff asking for a construction by defendant of a patent owned by the plaintiff. The question is directed to the "general fact" as to whether the defendant has used the Isom patent in its cracking operations.

The defendant is in a better position to know this than any one else. Apparently the defendant will take the position (contrary, as the plaintiff says, to its former attitude) that a part of the usefulness of the Isom patent is due to the improvements thereon and to other inventions. This makes it more important, in order to avoid delay at the time of the trial, that the drawings referred to should be in the hands of the plaintiff's attorneys and experts before that time.

The defendant also urges, as a general objection to the interrogatories, the alleged fact that in its cracking business other inventions and improvements on the Isom patent have played an important part and that it would only add to the complexity of collateral issues, spoken of by the Circuit Court of Appeals, to enter this field of inquiry.

In view of the fact that the Supreme Court, as well as the Circuit Court of Appeals, has held that evidence of use of the Isom patent is admissible in this case, it is not permissible for defendant to deny the plaintiff such evidence by asserting that these other inventions and improvements are involved.

It should be understood that the rulings sustaining certain objections of the defendant apply only at the present time and to the evidence on the plaintiff's case in chief. In accordance with the practice approved by the Supreme Court, the bill for discovery is retained to be available in case of need. "If the occasion for fuller scrutiny shall afterwards develop, there may thus be an inspection of the records without the delay that would be inevitable if a new bill had to be filed with a new opportunity to the defendant to answer or demur."

A decree may be prepared accordingly.