## DALEY v. EVANS CASE CO.

No. 4240.

District Court, D. Massachusetts.

June 8, 1936.

George K. Woodworth, of Boston, Mass., and Leslie W. Fricke, Wm. H. De-Busk, and Floyd E. Britton, all of Chicago, Mass., for plaintiff.

Edward F. McClennen and Edward Williamson, both of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is a bill for discovery in aid of a law action pending before this court.

The defendant has filed an answer to the bill setting up defenses of noninfringement, invalidity, and detailed denials of the allegations contained in the bill for discovery, and asks for a dismissal of the bill. The answer is highly argumentative. In Pressed Steel Car Co. v. Union Pacific R. Co. (D.C.) 241 F. 964, 967, the court ordered stricken an answer which assumed that any good defense to the action at law might be pleaded to the bill for discovery. Referring to the conventional affirmative defenses as being facts going to the jurisdiction, to the plaintiff's title, the statute of limitations, and the defense of purchaser for value, the court pointed out that the defendant's answer contained none of the conventional defenses, stating that "affirmative defenses to such bills [for discovery] must be confined with the most narrow and technical rigidity to such as the precedents have recognized." The answer filed herein contains many objectionable features as an answer to a bill for discovery, and are so interwoven with other matters which might be construed as fit subjects for affirmative defenses that they are inseparable, and the defendant's an-

swer to the bill must, therefore, be stricken.

 As to the bill for discovery, there are 45 interrogatories annexed thereto; the first 16 of which relate to the defendant's device EC 210; interrogatories 17 to 32, inclusive, refer to device MD 4/71, and interrogatories 33 to 45 refer to a "Type 3" device "having powder dispensing means unlike either that embodied in the device marketed by the defendant under the catalog number 'EC 210' or that embodied in the device marketed by the defendant under catalog number 'MD 4/71' but comprising a movable plate underlying an opening in a container, and normally held by spring means in closing position with respect to said opening and so arranged on tapping the plate loose powder in the container would pass around the margin of the plate and out through the opening."

Each group of interrogatories calls for (a) information relating to the manufacture of articles, the production of blueprints and drawings with relation to their construction; (b) information as to the sale and manufacture of devices under other catalogue numbers; and (c) information as to the number of articles made and sold at various periods both in and out of the United States.

The action which this bill for discovery seeks to aid is a law action, and trial by jury is claimed. The plaintiff, of course, has not yet proven liability, and the defendant argues that the plaintiff is not entitled to discovery until liability has been proven. While it seems to be well settled that discovery is an exceptional remedy, and that the burden is on the plaintiff to bring himself within the exceptions (Pressed Steel Car Co. v. Union Pacific R. Co., 240 F. 135), nevertheless, attention must be given to the fact that the law action is triable before a jury, and the practical necessity of submitting both the question of liability and damages to the same jury during the trial makes it necessary that the evidence be sifted in advance. In the event that the jury finds no liability in the law action, then, of course, the evidence pertaining to damages will go for nought. If, however, liability be determined, it is important to the orderly and expeditious trial of the matter that the evidence which might take a long time to assemble, without the bill for discovery, be ready and available. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449, 88 A.L.R. 496. The bill for discovery is, therefore, allowed.