### MICHELSON v. CROWELL PUB. CO. SAME v. CURTIS PUB. CO.

#### Nos. 4645, 4647.

District Court, D. Massachusetts.

Nov. 9, 1938.

William H. Lewis and William H. Lewis, Jr., both of Boston, Mass., for plaintiff.

Neil Leonard, Miles Wambaugh, and Bingham, Dana & Gould, all of Boston, Mass., for defendants.

BREWSTER, District Judge.

Plaintiff has propounded interrogatories to the defendants in the above entitled suits. Each defendant has objected to seventeen interrogatories. The suits are brought under the Copyright Laws of the United States and, therefore, Equity Rule 58, 28 U.S.C.A. following section 723, applies rather than the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Some of the interrogatories are clearly objectionable, as calling for defendants' witnesses and defendants' evidence. All of the interrogatories, if material at all, are material only on the question of damages.

After reading the pleadings and examining the exhibits, I am satisfied that these cases are those in which the court may appropriately adopt the procedure suggested in Sinclair Refining Co. v. Jenkins Petroleum Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449, 88 A.L.R. 496, where Mr. Justice Cardozo observed [page 737]: "There are times when a suit is triable in separate parts, one affecting the right or liability, and the other affecting the measure of recovery. In suits of that order a discovery as to damages will commonly be postponed till the right or liability has been established or declared. * *. *

Thus, a suit to establish a partnership or to restrain the infringement of a patent culminates, if successful, in an interlocutory decree, which will be followed by an accounting and a discovery of documents. In these and like cases, the accounts will not be probed until the right has been adjudged."

Therefore, the objections filed in each case to plaintiff's interrogatories are sustained.