**BERGMANN v. JOE MORRIS MUSIC CO. et al.**

District Court, S. D. New York.

May 23, 1939.

Nathan Weinstein, of New York City, for plaintiff.

Julian T. Abeles, of New York City (Arnold J. Bernstein, of New York City, of counsel), for defendant Joe Morris Music Co.

LEIBELL, District Judge.

One of the defendants herein, Joe Morris Music Co., a corporation, moves for an order vacating a notice served by plaintiff for the examination of said defendant, by its treasurer, and vacating a certain subpoena duces tecum requiring said officer to produce certain agreements, records, correspondence etc. on said examination. The notice for examination states as its scope "all matters relevant to the subject matter of the above entitled action". The complaint pleads three causes of action. The defendant Music Co. contends that the motion to vacate should be granted, because the examination is sought under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c that

those Rules do not apply to proceedings in copyright under Section 25 of the Copyright Law 17 U.S.C.A. § 25, and that all three causes of action pleaded in the complaint are suits under said section of the Copyright Law.

Concededly the first cause of action is a suit arising under the Copyright Law. It pleads an alleged infringement by defendant, Joe Morris Music Co., of a lyric and musical composition which plaintiff claims she composed some years ago in collaboration with the other defendant, Ernest M. Burnett, who copyrighted it in the United States on October 31, 1911. The first cause of action contains the allegation that Burnett is made a party defendant because he has failed and refused to take any steps to stop or prevent the other defendant, Joe Morris Music Co., from publishing a certain lyric and musical composition, which plaintiff claims contains a substantial part of the copyrighted composition alleged to be infringed.

The second cause of action repeats by reference the first eight paragraphs of the first cause of action, including the fourth paragraph, "That this is a suit arising under the Copyright Law of the United States of America". However, the second cause of action is not in fact a suit under the Copyright Law but is a suit based on an agreement between the defendant Burnett and the defendant Joe Morris Music Co. dated August 27, 1936, by which Burnett sold to the company his right to the renewal of his copyright and the company agreed to pay him certain royalties on all sales of the sheet music, orchestrations and mechanical reproductions. It is alleged that Burnett has been receiving moneys under said agreement and that plaintiff has demanded from both defendants the moneys due her by reason of said publication. The seventh paragraph of the first cause of action, incorporated in this second cause of action by reference, alleges that plaintiff and defendant Burnett were joint owners of the copyright he took out in his own name. Plaintiff, for the purposes of this cause of action, in effect adopts the agreement made by Burnett with the Music Co. and claims her share of the royalties therefrom. This second cause of action is not a suit for infringement under the Copyright Law but a suit for an accounting of the profits arising from Burnett's agreement with the Music Co. Paragraphs 5 and 6 of the prayer for relief ask that Burnett account for and pay to plaintiff one-half of the royalties he has received from the publication and that any moneys in the hands of the defendant Music Co. due or payable to Burnett under the terms of the agreement be impressed with a lien in favor of plaintiff and that the defendant Music Co. be directed to pay to plaintiff one-half of the royalties.

The third cause of action repeats by reference the first nine paragraphs of the first cause of action, and then goes on to plead that the defendant Music Co. has published and continues to publish sheet music containing the lyric and music of the copyrighted composition and has placed thereon a statement that Burnett and another named Norton were the authors thereof and omits to name plaintiff as a joint author. Plaintiff also alleges that this will result in further pecuniary loss to her, and irreparable damage to her and to her prestige as a song writer and that she is without adequate remedy at law. There is no part of the prayer for relief that corresponds to this alleged third cause of action. In my opinion this alleged third cause of action is in fact embraced in the first cause of action. The ninth paragraph of the first cause of action, which contains allegations of infringement, is incorporated in this third cause of action, but not in the second. If the third cause of action is considered by itself it is at best an action under the Copyright Law on which only very limited relief could be granted.

The Federal Rules of Civil Procedure do not apply to suits under Section 25 of the Copyright Law because the Supreme Court has not, as yet, pursuant to Rule 81(a) (1), 28 U.S.C.A. following section 723c made them applicable thereto, by any Rule of that Court. Sheldon v. Metro Goldwyn Pictures Corp., D.C., 26 F.Supp. 134; Michelson v. Crowell Pub. Co., D.C., 25 F.Supp. 653 and 968.

Defendant Music Co. argues that since the Equity Rules apply to the first cause of action, defendant cannot avail itself of the procedural remedies under the Federal Rules of Civil Procedure in respect to the second cause of action. While it is an anomalous situation to have two different sets of procedural rules applying to different causes of action, which may properly be joined in the one complaint under both sets of rules, that is no reason for refusing the plaintiff any remedy or relief under the Federal Rules of Civil

987

Procedure in respect to the second cause of action to which those rules are applicable. No confusion or conflict will result from following that course in the present case.

There is no rule to prevent plaintiff from joining in the one complaint a suit for an infringement under Section 25 of the Copyright Law (such as the first and third causes of action) with a suit for an accounting under a contract, express or implied, such as the second cause of action. Even if we assume that the second cause of action is inconsistent with the first, it may be pleaded as an alternate claim under Rule 18(a) of the Federal Rules of Civil Procedure and as a claim cognizable in equity under Rule 26 of the Equity Rules promulgated by the Supreme Court, 28 U.S.C.A. following section 723. All three causes of action under Rule 26 of the Equity Rules would be "cognizable in equity". The jurisdictional allegations of the second cause of action show diversity of citizenship and an amount involved in excess of $3,000.00 This Court has jurisdiction of all three causes of action.

The notice for the examination of defendant Joe Morris Music Co., by its treasurer, under Rule 26(a), Rules of Civil Procedure and the subpoena duces tecum, under Rule 45, are vacated so far as they relate to an examination on the subject matter of the first and third causes of action. But the motion to vacate said notice and subpoena, insofar as they are relevant to the subject matter of the second cause of action, is denied. Submit order on notice.