## KNIGHT–MORLEY CORPORATION et al. v. ELECTROLINE MFG. CO. et al.
### Civ. No. 26503.

United States District Court
N. D. Ohio, E. D.
Feb. 21, 1950.

On Motion for Production May 1, 1950.

Bruce B. Krost, Cleveland, Ohio, John C. L. Cowen, Detroit, Mich., for plaintiff.

Max Richard Kraus, Chicago, Ill., Vern L. Oldham, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for damages only based on an alleged infringement of a patent owned by plaintiffs. Plaintiffs' patent covers a side view mirror for automobiles, and defendants for several years have been manufacturing and selling a similar product which plaintiffs contend infringes upon their patent.

Plantiffs, once the issues had been formed, sought to take the depositions of certain officers of the defendants and by subpoena duces tecum to have certain records of the defendants produced for inspection at the time of the taking of the depositions.

Only one of the officers was examined but it was stipulated that all of the officers would answer in the same manner to certain questions now in dispute and would refuse to produce certain of the requested documents.

The questions which the officer refused to answer on advice of counsel and the documents which were not produced related to the volume of production of each of defendants' mirrors said to infringe plaintiffs' patent, the amount of money received from the sale of each of these mirrors, the persons to whom they were sold and the names of other distributing outlets.

402

The primary objection of defendants is that the information requested relates only to damages and is irrelevant and should not be disclosed until and unless it is found that plaintiffs have a valid patent and that defendants have infringed. Secondly, the defendants claim, since plaintiffs are in direct competition with them, that this law suit is brought merely as a method of harassing the defendants and the information is sought only for the purpose of giving the plaintiffs an advantage in their competition with defendants.

■ The main question is whether the officers of the defendants were justified in their refusal to answer certain questions asked them and in their refusal to produce certain of the requested documents. The case of Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449, 88 A.L.R. 496, although decided before the present Rules were adopted seems to be controlling. In effect this case holds that where the owner of an infringed patent sues in law for damages only, he must prove both the infringement and the damages in a single indivisible action and that he may prove damages with the aid of the discovery procedure if the complication of accounts or other practical impediments make it necessary. The fact that the simplified rules of discovery now are in existence makes this case even more authoritative.

■ The discovery of this information concerning damages, however, must be necessary. In actions for damages only the measure of damages is the plaintiffs' loss and not the defendants' profit for the misuse of the patent. The best evidence of plaintiffs' loss is established by the proof of established royalties from the previous licensings of the patent. If there are no established royalties, proof of lost sales and injury by competition is admissible and these latter two elements can be proven by profits made by defendants. Hunt Bros. Fruit-Packing Co. v. Cassiday, 9 Cir., 64 F. 585; Cassiday v. Hunt, C.C., 75 F. 1012; Brewster v. Technicolor, Inc., D.C., 2 F.R.D. 186. Since it has not been shown

that plaintiffs do not have an established royalty for the use of their patent and since these parties are in close competition with each other, it does not seem appropriate or timely for this Court to order the disclosure of information relating to profits and sales, and to the names of customers, when it is still possible that this information will be of no use to plaintiffs. Plaintiffs, however, should be given the opportunity to reopen this question if they have not in fact established royalties for the use of their patent.

■ It would seem, however, that even if the plaintiffs have an established royalty, information concerning the numbers of mirrors manufactured is essential for the estimation of damages to the plaintiffs. Defendants will be ordered to answer questions concerning this subject and to produce in compliance with the subpoena duces tecum those records which show the same facts.

■ There is also authority in the Brewster case, supra, for the discovery of the relationship between two defendants allegedly acting in concert in the infringement of a patent. Defendants will answer question 19 relating to the proportion of the mirrors merchandised by the Sales Company defendant, and shall produce and allow inspection of these records which show the same facts.

Defendants have served five interrogatories on the plaintiffs. Plaintiffs answered the first interrogatory and object to the remaining four. These objections are not well taken and, since the information requested by the interrogatories is relevant to this action, plaintiffs objections will be overruled, and plaintiffs ordered to answer the last four interrogatories.

On Motion for Production.

■ This is a motion for production of certain catalogues listed in paragraph 8(a) of defendants' answer.

The plaintiffs' brief in support of their motion indicates that at least some of the catalogues which plaintiffs wish produced are not in the possession, custody or control of defendants. The court cannot order

production of such material. Rule 34, Fed. Rules Civ.Proc., 28 U.S.C.A.

Defendants, however, should produce and permit inspection of those catalogues which are now in their possession or control.