## FOSDICK v. LOWELL MACHINE SHOP et al.

(Circuit Court, D. Massachusetts. December 9, 1893.)

No. 2,872.

1. LACHES—WHAT CONSTITUTES—INFRINGEMENT OF PATENT.

An action was brought by the son and administrator of a patentee 18 years after the latter's death, and 10 years after the expiration of the patent, alleging infringement during the whole term of the patent. The patentee had lived in the same town with defendant from the time of receiving the patent until his death, nine years later, and it did not appear that he ever claimed infringement. *Held*, that complainant was guilty of laches, and equity would afford him no assistance by way of discovery.

2. SAME—BILL FOR DISCOVERY.

When plaintiff is guilty of gross laches, equity will decline to interfere under a bill for discovery, the same as under a bill for relief.

In Equity. Bill of discovery in aid of an action at law brought by Sylvester W. Fosdick, administrator, against the Lowell Machine Shop and others. Heard on exceptions to the answer. Bill dismissed.

John T. Wilson, for complainant.
John Lowell and John Lowell, Jr., for defendant.

COLT, Circuit Judge. This is a bill for discovery in aid of an action at law on a patent. The case was heard on exceptions to the answer. The following facts appear by the bill: The patent was granted to John F. Fosdick, the plaintiff's intestate, on December 23, 1862, and the patentee died 9 years afterwards, in 1871. In 1889, 18 years after the patentee's death, and 10 years after the expiration of the patent, the plaintiff, a son of the patentee, took out letters of administration on his father's estate, and at the May term, 1890, brought an action at law in this court against the defendant corporation for infringement of said patent during the term of 17 years for which it was granted, and claiming actual damages in the sum of $1,000,000. It does not appear that the patentee made any claim for damages during his lifetime, or that the plaintiff made any claim prior to the commencement of suit, and no sufficient reason is assigned why the bringing of suit was so long delayed. It appears that the patentee, during his lifetime, resided in Lowell, where the defendant corporation has its place of business, and that the plaintiff is a citizen of Boston.

On this state of facts, I do not think that the aid of a court of equity should be invoked in favor of the plaintiff, but that such aid should be refused, by reason of gross laches and negligence in prosecuting this claim. It is a well-settled principle that a court of equity will not give its assistance to enforce a right, however clear it may have once been, when a long time has elapsed without action by the owner of the right. Hence, in matters of account, although not barred by the statute of limitations, courts of equity refuse to interfere, after a considerable lapse of time, from considerations of public policy, growing out of the difficulties of doing

entire justice when the original transactions have become obscure by lapse of time, and the evidence may be lost. Story, Eq. Jur. § 529; Badger v. Badger, 2 Cliff. 137; Id., 2 Wall. 87. It seems to me that this rule applies to this case with much force.

I am aware that this is a bill for discovery, and not a bill for re- lief. By the modern practice, a court of equity will entertain a de- murrer, plea, or answer to a bill of discovery, which relies on a spe- cific defense at law. Langdell, Eq. Pl. § 176; Smith v. Fox, 6 Hare, 386. I can see no good reason why a court of equity should not decline to interfere in the case of a bill for discovery, the same as in the case of a bill for relief, where the plaintiff has been guilty of gross laches and long acquiescence. In no case should the aid of a court of equity be invoked in favor of a stale claim.

Bill dismissed.