## LANSING B. WARNER, Inc., v. LEHIGH VALLEY R. CO.
### No. 223.

Circuit Court of Appeals, Second Circuit.
Feb. 4, 1935.

John M. Zane, of Chicago, Ill., and J. Sawyer Fitch, of Rochester, N. Y. (Zane, Morse, Zimmerman & Norman, Edward A. Zimmerman, and Craig R. Johnson, all of Chicago, Ill., of counsel), for appellant.

Moser & Reif, of Rochester, N. Y. (Clarence P. Moser and Lathrop D. Marsland, both of Rochester, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The plaintiff, an insurer which had paid the loss, sued the defendant in the state court for the insured's loss by fire due to the defendant's faulty construction and management of its locomotives. The defendant removed the cause to the District Court for the Western District of New York, and answered. The plaintiff thereupon filed a bill for discovery with fifty-three interrogatories attached. The defendant answered the bill, and a trial was had, after which the judge granted an interlocutory decree directing the defendant to answer the interrogatories generally, with leave nevertheless to object to them severally under the fifty-eighth Equity Rule (28 USCA § 723). The defendant thereupon filed objections to all the interrogatories, which the judge overruled except in eighteen instances. The defendant answered the others, and among its answers admitted possession of certain documents. The plaintiff then moved for inspection of these, which the judge directed as to two and denied as to the rest. Each party appealed.

We have very recently in Wagner & Adler Co. v. Mali, 74 F.(2d) 666, dealt with a bill for discovery, and have declared that the ancient practice has been changed and is now regulated by the fifty-eighth Equity Rule, in spite of the inaptness of some of its language. A decree goes directing the defendant to answer, but reserving his right to object to the specific interrogatories. So far the practice was right in the case at bar, but otherwise it was wrong. The defendant filed an answer to the bill which denied

some of the allegations; it should have been stricken out; a negative plea to a bill for discovery was not known to equity. The court undertook to have a trial upon the issues so raised; this too was a solecism; the defendant's defenses to such a bill are limited to restricted affirmative pleas. Unless he demurs—moves to dismiss —or pleads one of these pleas, he is directed to answer and in old times had to answer fully. Pressed Steel Car Co. v. Union Pac. R. Co. (D. C.) 241 F. 964. There were indeed exceptions to the last requirement, which have become unimportant, since the propriety of the interrogatories is to be tested under the fifty-eighth rule. It was, however, never the office of a hearing to test the propriety of specific interrogatories, and that is as true now as it ever was. In the case at bar the defendant should therefore have been directed to answer forthwith.

But the plaintiff was not for that reason entitled to a full discovery even of all relevant matters. The remedy has become much straitened since parties have been allowed to testify, and "survives, chiefly, if not wholly, to give facility to proof." Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U. S. 689, 693, 53 S. Ct. 736, 737, 77 L. Ed. 1449, 88 A. L. R. 496. The plaintiff must of course show that the answers will be relevant to the issues at law, and that will appear from inspection of the pleadings in that action. Under modern conditions he must do more; that is, show that without them he cannot safely go to trial. That too will in most cases appear from an inspection of the pleadings in the action at law. The need for discovery is readily ascertainable in the case at bar, though conceivably there may be cases where it would not be, in which event the judge may summarily hear testimony under each objection before disposing of it. That would be a very rare occasion.

In the case at bar the defendant cannot raise any question on its appeal except as to the order for inspection; it has answered all interrogatories which it was directed to answer, and cannot recall its admissions; they would be competent evidence in the action, even if the decree which called them forth were reversed. A court of law with rare exceptions does not look to the means by which admissions are procured; and this is not one of the exceptions. The documents called for by the order of inspection seem to us at best only mediate to the chief issue, a burrowing into the defendant's case which ought not to be allowed. The order is reversed pro tanto. The plaintiff's appeal will succeed only as to interrogatories 27, 28, 29, and 30. In the case of all the rest, it can either get the evidence elsewhere, or it is not needed in advance of trial. The decree will therefore be modified by requiring the defendant to answer the twenty-seventh, twenty-eighth, twenty-ninth, and thirtieth interrogatories in their original form; the order of inspection, by refusing inspection of the documents mentioned in answer to interrogatories 52 and 53.

Decree modified.