## RUBENS v. ABRAHAM & STRAUSS, Inc.

### No. 8025.

District Court, E. D. New York.

Oct. 9, 1936.

Leo J. Linder, of New York City (Leo Magill Goodman, of New York City, of counsel), for plaintiff.

Edwards, Bower & Pool (Reverdy Johnson, of New York City, of counsel), for defendant.

ABRUZZO, District Judge.

The defendant makes a motion for the dismissal of the bill of complaint. The bill of complaint is one for discovery in aid of an action at law. Plaintiff's action at law arose out of a patent infringement and was commenced December 16, 1935, and was reached for trial several times; the last time being in June of 1936. Plaintiff was at all times ready to proceed to trial, and in June the court adjourned the case until the fall term because of the fact that no jury trials are held in summer.

The bill of complaint before the court now was filed July 24, 1936. The plaintiff in its bill makes to all practical purposes three main points, to wit:

1. The identity of the real party defending the action.

2. Number of infringing devices defendant sold and the profits derived therefrom.

3. An inspection and identification of the infringing devices.

The plaintiff contends that it is necessary for him to have the information sought in his bill to properly proceed to trial. Yet, he was ready to proceed to trial in June without this information. But aside from all of this, the court feels constrained to hold the bill must be dismissed. For the bill to survive it must at least be apparent, (1) that it show the information desired is germane to the issues in the action at law, (2) that it is necessary for the plaintiff to have the information desired in advance of the trial, and (3) plaintiff must make out a prima facie showing of liability between plaintiff and defendant.

Coming back to the bill of complaint, the identity of the real party defending the action would not create liability as between plaintiff and defendant, nor would the number of infringing devices. An inspection of the devices might be necessary as proof, but that alone would not create liability. Nowhere in the bill of complaint is there a

showing that the plaintiff is likely to succeed in the law action, or at least nowhere is there a prima facie showing that he is likely to succeed. The court must find, if it can, liability as between the parties in the complaint in the action at law and in the bill of complaint. This it has not been able to do. Discovery is an extraordinary remedy. The necessity for it must be established. The conduct of the plaintiff has given some evidence he did not think he needed it. The information which the plaintiff is endeavoring to get he can obtain on the trial by a subpœna duces tecum. The court had already signed such a subpœna for the trial. To delay the trial seems useless and unnecessary. Accordingly, the bill of complaint in discovery is hereby dismissed.