· CAMPBELL et al. v. LAGO PETROLEUM CORPORATION et al.

No. 8064.

District Court, E. D. New York.

Nov. 18, 1936.

Charles H. Kelby, of New York City, for plaintiffs.

Kellogg, Emery & Inness-Brown, of New York City (David Paine, J. Fearon Brown, and George F. Koegler, all of New York City, of counsel), for defendants Lago Petroleum Corporation and Corporation Trust Co.

Mudge, Stern, Williams & Tucker, of New York City, for defendant Chase Nat. Bank.

BYERS, District Judge.

This is a motion to dismiss a bill of discovery (attached to which are 116 interrogatories) on behalf of two of the defendants named therein, the Chase National Bank of the city of New York, and the Corporation Trust Company.

The object of the bill is to procure discovery in aid of an action at law now pending in this court against the remaining defendant named in the bill, Lago Petroleum Corporation, hereinafter called Lago.

The amended complaint and the answer thereto are annexed to the bill of discovery. The answer denies the material allegations in the amended complaint, and pleads the statute of limitations.

The lawsuit is to recover a large sum of money in the nature of brokers' commissions for alleged services to Lago, in interesting persons, firms or corporations in the purchase of crude oil "to the extent that such persons etc. would negotiate with defendant regarding same * * *."

The alleged contract was oral, and is said to have been entered into on or about November 8, 1923, between the plaintiffs and Lago, acting through one Joshua S. Cosden.

The nature, extent and character of the latter's capacity to act as agent for Lago, in the making of the contract sued upon, is the subject concerning which the plaintiffs seek discovery through the bill.

In order to demonstrate the agency— circumstantially perhaps—the plaintiffs wish to establish that "Joshua S. Cosden was during the period 1924 to 1925, a large stockholder of said defendant (Lago) and together with his associate, George F. Naphen dominated and controlled said defendant, was in complete charge of said defendant, dictated its policies, and determined its business affairs * * *."

The foregoing is from paragraph 7 of the bill. That paragraph is 3½ pages long and recites the acquisition by Lago commencing about November 30, 1923, of certain oil properties in South America which are described and identified.

Also the making of a preliminary contract in April, 1924, which was followed by a more formal one on May 27, 1924, whereby the output of the oil properties so acquired was agreed to be taken by a British corporation which was to organize a Canadian corporation to become the medium of purchase of the oil.

Then follow allegations of a contract between Lago and the Canadian corporation, dated August 22, 1924, and a supplemental agreement of November 18, 1924.

It is alleged that Cosden's capacity to negotiate all of the foregoing must be shown, and ratification of his acts and confirmation thereof by Lago, in order that Cosden's authority to deal on behalf of Lago with the plaintiffs on or about November 8, 1923, may be demonstrated.

To this end, plaintiffs desire discovery as to transfers of Lago stock during 1924 and 1925, which would be revealed through the records of the Corporation Trust Company, the transfer agent of Lago during those years.

Likewise it is urged that the records of the Chase National Bank, as successor to Seaboard National Bank, should be the subject of discovery to bring to light corroborative data concerning transfers of stock during those years, because the Seaboard National Bank was the registrar of the Lago stock.

Separately, discovery is sought from the Chase National Bank in respect of a loan said to have been made by it in May or June of 1924 to the British corporation above referred to, in the sum of $950,000.00, on a draft "made by J. S. Cosden and drawn on" the said company and accepted by it. At the time of making the loan, it is averred that there was deposited at the Chase Bank, as collateral for the said draft, 300,000 shares of Lago.

The proceeds of that loan, it is said, can be shown to have played a part in the acquisition of the oil properties in South America, by Lago.

The bill says as to this (par. 10): "The plaintiffs desire to prove these facts on the trial of the litigated issue of the agency of Cosden for the Lago Petroleum Corporation."

The motion to dismiss is based upon the theory that, as neither the bank nor the Corporation Trust Company is a defendant in the lawsuit, they are not properly parties to the discovery.

It is common ground that, according to the general rule which has been frequently stated, the motion would have to be granted; but the plaintiffs urge that this case falls within an exception whereby the agents, officers and employees of a corporate defendant named in the principal litigation are proper parties to a discovery proceeding in aid of the latter.

Thus the exception which, for instance, would permit a bookkeeper, employed by the principal defendant, to be named as a party defendant in the bill of discovery, would justify the retention of this bill against the registrar and transfer agent of Lago, since each is but a bookkeeper of Lago.

It will be convenient to consider the motion in three aspects:

A. Would discovery be proper with reference to the corporate keepers of the stock transfer records, as such?

B. If so, has the plaintiff shown that the desired discovery would be appropriate in aid of the instant lawsuit?

C. Would the discovery sought with reference to the loan be appropriate?

The answer to A. is thought to lie in the affirmative: The mere circumstance that modern conduct of corporate records or activities may enlist exterior agencies, seems not to change the principle that corporate agents, in appropriate circumstances, may be properly joined as parties defendant; nor does the corporate character of such an agent contrive a different result.

Many v. Beekman Iron Co., 9 Paige (N.Y.) 188, is in point.

This was a bill in equity in which it was sought to reform a contract for the purchase of iron, and to have it specifically performed as reformed. Agents who had negotiated the contract on behalf of the corporate defendant, the seller, were made parties defendant.

The bill sought discovery from them as to the fact of agency and as to an alleged practice touching the nature of the units of tonnage involved.

A demurrer by the agents was overruled upon the ground that they fell within the exception to the general rule that a mere witness having no personal interest, cannot be made a party. The chancellor said: "In a bill against a corporation for relief, its officers and agents, who are cognizant of the facts to which it relates, may be made defendants for the purpose of obtaining an answer on oath, which cannot be obtained in any other way."

That case was cited with approval in McComb v. Chicago, St. Louis & New Orleans R. Co. (C.C.) 7 F. 426.

The recent cases cited on behalf of the motion do not involve the effort to obtain discovery on the part of corporate agents who are made parties to a bill against the corporation.

There seems to be no real necessity for treating this situation as an exception to the rule touching witnesses and third parties; the discovery sought is really from the corporation; that is, those who conduct its affairs. They are not third parties at all; they are merely the instrumentalities through which the corporate entity, Lago, functioned in part. That these two were themselves corporations, did not change them from instrumentalities of Lago in the making and keeping of its records, into third parties having no part in the controversy.

The answer to B. necessarily involves matters pertaining to this controversy. In order that the bill may prevail, "The plaintiff must of course show that the answers [to interrogatories] will be relevant to the issues at law, and that will appear from inspection of the pleadings in that action. Under modern conditions he must do more; that is, show that without them he cannot safely go to trial. That too will in most cases appear from an inspection of the pleadings in the action at law." See Lansing B. Warner, Inc., v. Lehigh Valley R. Co. (C.C.A.) 75 F.(2d) 483, 485.

The rule so expressed is binding upon this court, for the decision was made by the Second Circuit Court of Appeals.

The complaint in the lawsuit, as amplified by the bill of particulars, fixes the date of the contract under which the plaintiffs sue, as November 8, 1923.

Recourse being had to paragraph 7 of the bill, it appears, as has been stated, that the plaintiffs aver that, in order to establish Cosden's authority to deal with them on behalf of Lago, it is necessary to prove certain transactions, subsequent in point of time, which embraced the acquisition of the oil producing properties in South America, and the making and carrying out of the contract for the purchase of the oil produced in those properties; and the stock ownership on the part of Cosden, also subsequent, in point of time, to the alleged dealings with plaintiffs; and also the financial transaction to which allusion has been made.

Seemingly these are sought to be related back to Cosden's alleged authority on November 8, 1923, on the basis of ratification and confirmation of the said series of acts, the first of which is said to have occurred on November 30, 1923, and the later ones during 1924 and 1925.

There is no allegation in terms, no showing in the bill, that the plaintiffs "cannot safely go to trial" without the benefit of the discovery sought.

While it may be true that Cosden's authority as at November 8, 1923, can be demonstrated by appropriate corporate records made later, there is no apparent sequitur embodied in the assertion that the plaintiffs desire to lay bare, for the information of the court and jury in the lawsuit, the extent of Cosden's transactions in Lago stock during the two years immediately succeeding the alleged hiring of the plaintiffs.

It is supposed that there are many major stockholdings in corporations in which no relation of principal and agent exists between the company and the holder of its stock.

The answer to question B. is in the negative.

As to the third question, the showing is equally lacking in substance, so far as the alleged loan in May or June, 1924, by the Chase Bank is concerned. In that aspect, the bank is not joined as the successor to the Seaboard National Bank as registrar of Lago stock.

It is joined in the bill in its own individual capacity, not as an agent of Lago, for of course it made the loan as a principal and as an incident to the pursuit of its own affairs.

Clearly the answer to question C. is in the negative, under the general rule mutually recognized in the briefs.

It results that the motion to dismiss the bill, as to the two co-defendants to Lago, cannot be granted for the reasons specifically stated, and probably not at all under the practice adopted. The bill is objectionable as to them, however, in the view of this court, upon the grounds stated.

The prayer for other and further relief has been construed to invite an expression of opinion as herein contained, to the end that future procedural requirements may be clarified.

It seems that only such pleas to the bill may be entertained as are discussed in Pressed Steel Car Co. v. Union Pacific R. Co. (D.C.) 241 F. 964. See Lansing B. Warner, Inc. v. Lehigh Valley R. Co., supra (C.C.A.) 75 F.(2d) 483, at page 485. Probably this means that a motion under Equity Rule 29 (28 U.S.C.A. following section 723) as in Pressed Steel Car Co. v. Union Pacific R. Co. (D.C.) 240 F. 135, would be dismissed; if so, defendants are remitted to the practice under Equity Rule 58 (28 U.S.C.A. following section 723) discussed in H. Wagner & Adler Co. v. Mali (C.C.A.) 74 F.(2d) 666, at page 669.

Assuming that these two co-defendants dispute the plaintiffs' rights to any discovery from them, they must so allege in an answer which will contain "such facts as they deem apposite" and obtain from the court, under Equity Rule 58, an enlargement of their time to answer the interrogations which affect them, until the plaintiffs' right to discovery from them shall be established.

The order to be entered hereon may provide, if counsel be so inclined, that the motion to dismiss is dismissed without prejudice to the right of the Chase National Bank of the city of New York, and the Corporation Trust Company to file answers raising the issue of the plaintiffs' right to discovery from them within 20 days from the service of the order, and to apply for an order in connection therewith extending their time to answer the interrogatories addressed to them until the plaintiffs' right to discovery from them shall be established.

Settle order.