CAMPBELL et al. v. LAGO PETROLEUM CORPORATION et al.

No. 8064.

District Court, E. D. New York.

June 30, 1937.

Charles H. Kelby, of New York City, for plaintiffs.

Kellogg, Emery & Inness-Brown, of New York City, for defendants Lago Petroleum Corporation and Corporation Trust Co.

Mudge, Stern, Williams & Tucker, of New York City, for defendant Chase Nat. Bank.

BYERS, District Judge.

Motion for a final decree as prayed for in an amended bill of discovery in equity, in aid of an action at law now pending in this court, and that the defendants be ordered to answer the interrogatories annexed to the bill, reserving to the defendants the right to object to specific interrogatories.

The cause has been somewhat discussed in connection with the defendants' motion to dismiss. See Campbell et al. v. Lago Petroleum Corporation (D.C.) 16 F. Supp. 980.

No order was entered upon that decision, but thereafter an amended bill was filed, and to that amended answers have been made by the defendants separately, the legal sufficiency of which now requires determination.

This practice is thought to conform to H. Wagner & Adler Co. v. Mali (C.C.A.) 74 F.(2d) 666.

As has been previously stated, the lawsuit is to recover a large sum of money ($13,786,419.63) as compensation to Willet L. Wagner (i. e., his administratrix) and Lewis V. Curry pursuant to an alleged oral contract said to have been made with them by the defendant company, hereinafter called Lago, on or about November 8, 1923, in which the former "agreed that they would use their best efforts to interest persons, firms or corporations in the purchase of crude oil to the extent that such persons, firms or corporations would negotiate with defendant regarding same; such crude oil to be produced from the Venezuelan oil properties owned or to be acquired or controlled by the defendant. And defendant agreed that it would pay to said Willet L. Wagner and plaintiff Curry a commission at the usual and customary rates upon all crude oil sold by it to any person, firm or corporation so interested by said Willet L. Wagner and plaintiff Curry, it being understood that the terms and conditions of sale were to be entirely a matter of negotiation and agreement between defendant and such persons, firms or corporations over which said Willet L. Wagner and plaintiff Curry would have no control and with which they were to have nothing to do." (Complaint at law, part of par. Third.)

The following allegations are of due performance by Wagner and Curry of all terms and conditions by them to be performed; and on information and belief, that defendant sold to a buyer "who became interested in said purchase through the efforts of said Willet L. Wagner and plaintiff Curry pursuant to said contract to the extent that he negotiated with defendant regarding the same, the following amounts of crude oil produced from Venezuelan oil properties owned and controlled by it as follows" (then follow the exact figures in barrels of oil from 1924 to October 1, 1934, inclusive, amounting to many millions of barrels); that the usual and customary rates of commission were five cents per barrel; that Wagner and Curry thereby became entitled to receive the amount sued for, which has not been paid; Wagner's death on April 11, 1934, and the legal capacity of his administratrix.

Except for non-payment, the answer denies the foregoing specifically and pleads

separately the six-year Statute of Limitations as a complete, and as a partial defense as to the years 1924 to 1929, inclusive.

The complaint was verified April 18, 1935, and the answer, on May 7, 1935.

The lawsuit has thus been at issue for over two years, and would have been reached for trial in half that time.

The original bill of discovery was filed October 8, 1936, and the motion to dismiss was decided during the following month.

■ The discovery proceeding is of course ancillary to the action at law, and the latter establishes the pattern of the issues, and their scope, and therefore the subject-matter of the discovery which the plaintiffs may reasonably obtain.

. The answers contain denials, which will be disregarded for reasons previously stated, and the several defenses will be discussed, and where there is a difference in the amended answers, that will be stated.

■ The first separate defense is that of laches. The recitation is that no action at law was brought to recover under the alleged contract, for over eleven years after it was said to have been entered into, during ten of which Wagner was alive; and that the discovery proceeding was not brought until more than twelve years after the date of the alleged contract. It is asserted that the plaintiffs' right to discovery is barred by the unconscionable delay.

This is not one of the pleas referred to in Pressed Steel Car Co. v. Union Pacific R. Co. (D.C.) 241 F. 964, and the reason is thought to be clear. The plea of laches is peculiar to a suit in equity (Godden v. Kimmell, 99 U.S. 201, 25 L.Ed. 431) since Statutes of Limitation do not govern, and if this discovery were sought in aid of a patent cause, as in Fosdick v. Lowell Machine Shop (C.C.) 58 F. 817, the plea could not be deemed insufficient. Since the primary cause is at law, a plea of laches cannot be imported into the issues in that controversy by interposing it to the bill of discovery, the ancillary character of which is well understood.

It is unnecessary to consider whether a plea of laches would lie to the discovery itself under appropriate circumstances, such as the presence of such delay in seeking it that it would be inequitable to entertain the bill. Here the lapse of time between the filing of the original complaint and the bill of discovery was about eighteen months, and no showing is made that during the interval the position of the defendant changed so that the plaintiffs should not be accorded this assistance of a court of equity to meet the burden of proof resting upon them in the primary controversy.

While there is no application in the notice of this motion to strike out this defense upon the ground that it is not legally sufficient, under Equity Rule 33 (28 U.S.C.A. following section 723), enough has been said to indicate that, if that had been done, the motion would have been granted, and the decree to be entered herein would so provide.

■ The second defense is that of the Statute of Limitations. This constitutes one of the recognized pleas appropriate to a discovery bill, and no reason is shown why it should be treated as insufficient.

A valid defense to the action at law is thus presented, since suit was brought in 1935 for breach of an alleged contract of November 8, 1923.

Whether a new cause arose each year, so as to save the plaintiffs' asserted right, is not discussed in the briefs, nor would it be appropriate for present consideration. The plea is valid as such, and the decree hereon will so provide.

The third defense asserts the same statute as a partial defense, for the years 1924 to 1929, inclusive. The soundness of the defense, and therefore of the plea, was conceded for the plaintiffs at argument. The same disposition will govern.

■ The fourth separate defense is that the plaintiffs have waived their asserted right to discovery by failing to institute this proceeding for a matter of six months after the lawsuit, having been called for trial, was marked off the calendar on May 11, 1936. That since then it has been and still is "quiescent as a marked-off issue."

It may be assumed for argument, that under an appropriate showing, the court would be at liberty to infer that a party, otherwise entitled to seek discovery, had waived the right by affirmative conduct consistent with such an intent. That seems to have been one of the grounds of decision in Rubens v. Abraham & Strauss, Inc. (D.C.) 16 F.Supp. 763.

Something more than the lapse of six months would be required for such a showing. Clearly a defendant should have the right to urge that the legal processes of a plaintiff may not be too leisurely even un-

der the press of affairs in the office of a busy and successful practitioner, but to constitute a bar to so important a right as that of discovery, the conduct relied upon to establish waiver, must clearly reveal a purpose to proceed to trial without the aid of discovery, before a court sitting in equity would be justified in closing the door to discovery.

■ The fifth defense presents the contention that, by reason of the facts therein pleaded, it is unlikely that the plaintiffs will succeed in their lawsuit. The facts so relied upon are: The indefinite, tenuous and uncertain nature of the alleged contract whereby prima facie liability is not shown, as for instance the undertaking to "interest" buyers only; the fact that Cosden was a stockholder in 1923 does not even point to his agency for Lago; that the corporation acted through its directors, of which Cosden was not one, nor an officer; that the corporate minutes contain no mention of the alleged contract, or of Wagner or Curry; that the former made no demand during his lifetime nor did Curry, upon Lago, until the lawsuit was started; that depositions de bene esse of Currie and Baker taken in the lawsuit disclose that neither Wagner nor Curry had anything to do with bringing about the sale of crude oil by Lago or "interesting" a purchaser therefor; that in 1927 Wagner and Curry brought lawsuits now pending in the Southern District of New York against Cosden individually for commissions upon the sale by Lago directly or indirectly to British Mexican Petroleum Company, Limited; that a similar action is also pending in the same court by the same plaintiffs against Cosden and Company; that those actions have never been brought to trial, nor was discovery sought in either.

It should be said that apparently the said British Mexican Petroleum Company purchases of oil, made indirectly through one or more subsidiaries, are the purchases upon which these plaintiffs rely in their present action at law.

The issue made by this separate defense requires brief discussion.

The foregoing matters come down to this, that the acts and omissions of Wagner and Curry are scarcely consistent with the assertions in the complaint in the lawsuit, and that in general their alleged cause of action is obviously destined to fail.

However persuasive such arguments may appear to be, they are not thought to require present consideration. In the Pressed Steel Car Co. Case, 241 F. 964, at page 966, it was said:

"Instead, equity required the plaintiff in such a bill to set forth his case upon the merits, and it allowed the defendant, not only to demur, so raising the validity of the plaintiff's action at law (Langdell, § 176), but even to plead facts which would defeat that action. Of course, consistently it should have allowed the plea to be traversed and the cause to go to a hearing. Moreover, after negative pleas to bills for relief became allowable, they should have been allowed to bills for discovery as well. However, there is no instance of a negative plea to a bill for discovery, nor any of a hearing or decree upon such a bill. The probable reason of this failure of consistency was the absurdity of trying out upon the evidence the merits of the controversy upon the merely ancillary inquiry as to whether a defendant should be obliged to give any testimony at all. With a fortunate disregard of principle, the courts merely allowed some affirmative defenses, and apparently never tried out the truth even of these."

That decision has been approved by the Circuit Court of Appeals for this Circuit (297 F. 788), as has been heretofore stated, and is believed to represent the present state of the law on the subject, which this court is required to follow.

It does not necessarily result that this separate defense will be stricken from the answer. Whether it is a negative plea, need not be discussed. It is not regarded as surplusage, however, because when a decree has been entered establishing the final aspect of the pleadings in the discovery proceeding, a foundation will have been laid for the interrogatories which will survive the hearing upon objections thereto under Equity Rule 58, 28 U.S.C.A. following section 723.

The facts pleaded in this defense may be consulted in passing upon those objections. Perhaps this is a practical rather than technically sound view to take, but as the opinion quoted from points out, principle may somewhat yield to expediency in such matters.

The principle which is obvious in one case may be only lurking in the background of another.

For instance, it was said in Keenan v. Texas Production Co., 84 F.(2d) 826, 828, by the Tenth Circuit Court of Appeals,

concerning the remedy of discovery: "It is not merely to vex or harass litigants. Neither can it be utilized for a mere fishing expedition, nor for impertinent intrusion. The inquiry must be confined to material matters of fact and not extended to a disclosure of evidence or of facts which merely tend to prove ultimate material facts, or to elicit the names of witnesses."

Sinclair Refining Co. v. Jenkins Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449, 88 A.L.R. 496, clearly states that discretion plays its part in measuring the remedy.

The fifth separate defense does not fall within the category of affirmative pleas which have been referred to, but it will not be stricken.

The sixth separate defense is not literally common to the three answers, but may be so treated for convenience. It recites the presence in the lawsuit of certain documents tendered as exhibits in connection with the taking of testimony de bene esse, which has been herein recited.

If those documents are authentic, it is obvious that discovery as to them is not required. The agreement of May 27, 1924, referred to in paragraph 7 of the discovery bill, is annexed thereto, but in the separate answers there is a denial covering all allegations in that paragraph.

That denial is thought to be inconsistent as to this particular paper, with the averments in this defense.

This court is entitled to assume that the documents recited in this defense as being before the trial court in the lawsuit, subject of course to objection concerning admissibility, are authentic, and upon that assumption the defense will be retained as touching the necessity for discovery.

As to the minute books, it is averred that they are subject to production under subpœna at the trial. This is true, but for reasons pointed out in the Sinclair Case, supra, convenience will not be served by awaiting that event in order that plaintiffs' proof may be expeditiously offered. The same remark applies to production records, but they should be handled differently.

The essential point that the plaintiffs must establish is the fact of hiring. If proof fails upon that issue, subsequent transactions respecting the sale of oil are of no moment.

This defense will not be stricken, because it touches too closely the very question necessarily presented by the institution of the discovery proceeding, namely, the necessity therefor.

If the objections to interrogatories were now before the court, a way would be found to follow the practice approved in the Sinclair Case, of rendering it possible to the plaintiffs to have part of the discovery they seek, and the bill would be retained until it should appear whether they would be able, thus equipped, to offer proof of hiring, so that evidence of performance of their alleged undertaking and its results would be in order. An inspection of minute books by the court, for the years 1923 and 1924 to bring to light any evidence of hiring or ratification of hiring, as a preliminary to permitting the plaintiffs to have discovery, namely, physical inspection to make copies of appropriate entries, would be one way to accomplish a just result.

Perhaps this observation is gratuitous, but it is made for constructive purposes.

As to the production records, if the plaintiffs are able to prove the hiring, certainly they should be accorded an opportunity to show the fact of performance of its terms, and the extent thereof.

That is the aspect of the cause which would justify retaining the bill for later disposition.

The seventh separate defense is presented only by the Chase Bank and the Corporation Trust Co., and asserts that neither is a party to the lawsuit, and that therefore discovery is not appropriate as to either.

This subject has been covered by the earlier opinion, which states views presently held. The defense is deemed legally insufficient, and the bill will be retained as to these defendants. A review of the decree to be entered hereon will serve to test the soundness of the earlier decision.

The eighth defense is likewise presented by the two defendants other than Lago, and urges that the records of the transfer agent and the registrar of the Lago stock, and the loan records as to a loan in 1924 made by the Chase Bank, should not be the subject of discovery.

As to the loan, the earlier decision makes clear that discovery, pertaining to it, should not be had. That view persists.

As to the stock holdings of Cosden in 1923 and 1924 of Lago stock, it is not presently seen how they can legally establish his authority to employ Wagner and

Curry on November 8, 1923, for and on behalf of Lago.

If the corporate minutes or other records show a hiring, or ratification of a hiring, there would be a basis for going forward with the tender of evidence of performance, as has been said. But the mere extent of Cosden's stock holdings, or trading, during 1923 and 1924, would neither prove nor disprove his capacity to enter into a contract for and on behalf of Lago.

It is appropriate to refer in this connection to the verified complaint in one of the actions in the Southern District, in which both Wagner and Curry recited their hiring by Cosden individually to render the very services portrayed in the complaint in the lawsuit now pending in this court.

It is concluded that the eighth defense should be deemed legally sufficient.

Settle decree on notice, establishing the state of the pleadings in accordance with the foregoing, and providing for a hearing of objections to the interrogatories pursuant to Rule 58.