## MUNGER v. FIRESTONE TIRE & RUBBER CO.*

### SAME v. B. F. GOODRICH CO.

(Circuit Court of Appeals, Second Circuit. November 12, 1919.)

Nos. 18, 19.

1. DISCOVERY &⁓8—MATTERS AS TO WHICH DISCOVERY MAY BE OBTAINED STATED.

Equity grants discovery in aid of a plaintiff's right or cause of action, or in aid of a defendant's defense, as defined by the issues in the case, but not in relation to the amount of damages recoverable, which is not an issue, but a consequence of the issues.

2. PATENTS &⁓292—DISCOVERY AS TO SALES AND PROFITS NOT PERMITTED IN ACTION FOR INFRINGEMENT.

Plaintiff, in an action at law for infringement of a patent, cannot maintain a bill of discovery to require defendant to disclose the number of sales made of the alleged infringing article, and its profits thereon, in advance of trial.

Appeals from the District Court of the United States for the Southern District of New York.

Bills of discovery by Louis De F. Munger against the Firestone Tire & Rubber Company and against the B. F. Goodrich Company. Decrees dismissing bills, and complainant appeals. Affirmed.

Redding, Greeley & Goodlett, of New York City, for appellant.

Charles Neave and William G. McKnight, both of New York City (Edward Rector, of Chicago, Ill., of counsel), for appellee Firestone Tire & Rubber Co.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. Louis De F. Munger is the owner of letters patent of the United States dated December 5, 1899, for an improvement in pneumatic tires. After the patent had expired, he brought an action at law to recover damages for infringement against the Firestone Tire & Rubber Company and another against the B. F. Goodrich Company. In aid of these actions at law, he filed this bill of discovery in equity, praying that the defendants might be required to state the quantity of demountable rims they had sold during the existence of the patent and within six years prior to bringing the action at law; the names of the purchasers and the selling price; to produce all books, invoices, records, vouchers, agreements, correspondence, papers, documents and other data relating thereto; and to state the gains, profits, savings, and advantages which had accrued in the premises to the defendant. Judge Augustus N. Hand dismissed the bill, saying:

"I do not think it can be said in advance of the trial that the information which is sought upon this bill for discovery will not be proper matter for the consideration of the jury. I can see no sufficient reason, however, at this time to sustain the bill for discovery. There is nothing in this case which makes such a remedy peculiarly necessary. All the facts which can be elicited by a bill for discovery can be presented at the trial upon a subpoena duces

&⁓For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 251 U. S. —, 40 Sup. Ct. 392, 64 L. Ed. —.

tecum. Before it is possible to determine whether there has been any infringement or not, I am asked to allow an examination into the defendant's books and private affairs. This is something which should not be imposed upon the defendant, if any other reasonable mode of eliciting the desired evidence is possible. It cannot, I think, be determined, until the rest of the plaintiff's case is heard, whether he should be allowed to offer evidence of the defendant's profits. Certainly he must establish first a prima facie case of infringement."

Both cases involved exactly the same question, and were tried in the court below and argued in this court together. Inasmuch as the plaintiff has not manufactured or sold his patented tire, and has established no license therefor, the evidence asked for will be admissible to assist the jury in determining what will be a reasonable royalty, if they find the patent valid and infringed. Dowagiac Co. v. Minnesota Plow Co., 235 U. S. 641, 35 Sup. Ct. 221, 59 L. Ed. 398.

Doubtless the plaintiff sued at law because his patent had expired, and no injunction could have been granted, under the general rule laid down in Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975, that a bill for a naked account of profits and damages against the infringer of a patent cannot be sustained. But at least since the decision in Carpenter v. Winn, 221 U. S. 533, 31 Sup. Ct. 683, 55 L. Ed. 842, an action at law cannot be regarded as adequate a remedy as a suit in equity, because it is difficult and inconvenient to go through a mass of books and papers produced for the first time at the trial. To exclude the jurisdiction of equity under section 267 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1163 [Comp. St. § 1244]), the remedy at law must be as complete and efficient, both as to final remedy and the mode of obtaining it, as the remedy in equity. Kilbourn v. Sunderland, 130 U. S. 514, 9 Sup. Ct. 594, 32 L. Ed. 1005. It may be, therefore, that this case fell within the exception to the general rule mentioned by Mr. Justice Matthews in Root v. Railway Co., 105 U. S. at page 215 (26 L. Ed. 975):

"Our conclusion is that a bill in equity for a naked account of profits and damages against an infringer of a patent cannot be sustained; that such relief ordinarily is incidental to some other equity, the right to enforce which secures to the patentee his standing in court; that the most general ground for equitable interposition is to insure to the patentee the enjoyment of his specific right by injunction against a continuance of the infringement; but that grounds of equitable relief may arise, other than by way of injunction, as where the title of the complainant is equitable merely, or equitable interposition is necessary on account of the impediments which prevent a resort to remedies purely legal; and such an equity may arise out of, and inhere in, the nature of the account itself, springing from special and peculiar circumstances which disable the patentee from a recovery at law altogether, or render his remedy in a legal tribunal difficult, inadequate, and incomplete; and as such cases cannot be defined more exactly, each must rest upon its own particular circumstances, as furnishing a clear and satisfactory ground of exception from the general rule."

[1] However, the plaintiff, having gone to law, and having applied to equity solely for discovery, without other relief, can have only such discovery as equity grants. While the inconvenience of the remedy at law may authorize a suit in equity, that fact cannot in any way ex-

tend the jurisdiction of courts of equity in respect to discovery. Mr. Justice Lurton, in Carpenter v. Winn, supra,. said (221 U. S. at page 540, 31 Sup. Ct. 685, 55 L. Ed. 842):

"(c) Another consideration leading to the same conclusion is found in the fact that a bill of discovery cannot be used merely for the purpose of enabling the plaintiff in such a bill to pry into the case of his adversary to learn its strength or weakness. A discovery sought upon suspicion, surmise or vague guesses is called a 'fishing bill,' and will be dismissed. Story, Eq. Pl. §§ 320 to 325. Such a bill must seek only evidence which is material to the support of the complainant's own case, and prying into the nature of his adversary's case will not be tolerated. The principle is stated by a great authority upon equity thus: 'Nor has a party a right to any discovery except of fact and deeds and writings necessary to his own title under which he claims; ror he is not at liberty to pry into the title of the adverse party.' Story, Eq. Juris. § 1490; Kettlewell v. Barstow, 7 Ch. App. Cas. 686, 694. In Ingilby v. Shafto, 33 Beav. 31, it was said: 'The province of discovery in equity is not to compel a defendant, who is a plaintiff in a suit at law, to disclose in what manner he intends to make out his case at law. The plaintiff in equity is entitled only to the discovery of such matters in the knowledge, or possession, of the defendant in equity, as will enable him to make out his own case at law; and exceptions to an answer, omitting to respond to inquiries touching the mode in which the defendant purposed to make out his case at law, and as to documents "relating to matters in the bill mentioned," were overruled.' This 'fundamental rule,' as it is called by Judge Story in his work upon Equity Pleading, § 317, in view of the express limitation of the section, 'to cases and under circumstances' when discovery might be obtained in equity, implies that production of an adversary's documents should not be required before trial, that one party may examine and inspect in search of evidence which he may or may not use in the trial."

In other words, equity grants discovery in aid of a plaintiff's right or cause of action or in aid of a defendant's defense. These are defined by the issues of the case; whereas the amount of damages is never at issue. If a plaintiff prevail upon the issues upon his cause of action, he will be entitled to nominal damages, though he prove no damage at all, and of course, if a defendant prevail upon the issues as to his defenses, no damages will be recoverable. The amount of damages is not an issue, but follows the determination of the issues in the case, and discovery is granted only in aid of the issues.

[2] This undoubtedly puts the plaintiff in this particular case in a very embarrassing situation. The trial judge will have to determine when he shall have made out a sufficient case to justify an examination of the defendant's books, papers, etc. A contrary conclusion would introduce a dangerous practice. All a patentee would have to do in order to completely ventilate a competitor's business would be to bring an action at law for infringement and then apply to a court of equity for discovery in aid of it. We speak of the possibility of this danger generally, because no such purpose appears in this case.

No decision upon this precise question has been called to our attention, though it was raised, but not decided, in Colgate v. Compagnie Francaise du Télégraphe de Paris à N. Y. (C. C.) 23 Fed. 82.

The decree is affirmed.