## JENKINS PETROLEUM PROCESS CO. v. SINCLAIR REFINING CO.

### No. 939.

District Court, D. Maine, S. D.
Feb. 18, 1932.

See, also, 38 F.(2d) 820.

Philip G. Clifford, of Portland, Me., for plaintiff.

Verrill, Hale, Booth & Ives, of Portland, Me., for defendant.

PETERS, District Judge.

The litigation in which this bill in equity for discovery is a recent development has its origin in a written contract between the parties, dated October 2, 1916, recited in full in an opinion of this court in the case of Jenkins Petroleum Process Co. v. Sinclair Refining Co., 32 F.(2d) 247. In that suit the plaintiff sought by a bill in equity to compel the assignment to it by the defendant of letters patent, U. S., 1,285,200, dated November 19, 1918 (originally applied for by one E. W. Isom, September 10, 1917), claiming that certain improvements in the art of cracking hydrocarbons, covered by said letters patent, equitably belonged to the plaintiff under the terms of the contract above mentioned, by which a certain still for treating petroleum, devised by one Jenkins, was loaned to the defendant for experimental purposes, with an agreement that any improvements which might be developed as a result of experiments with it should accrue to the benefit of the plaintiff.

It was held by this court [affirmed by the Circuit Court of Appeals in the case of the same title, 32 F.(2d) 252, 254], that the plaintiff had not made out a case entitling it to an assignment of the letters patent. The appellate court, however, directed that the bill be kept in court for possible further proceedings, and handed down the following mandate:

"The decree of the District Court is affirmed so far as it denies specific performance of the contract of October 2, 1916. But so far as it dismissed the bill as to other issues involved, it is reversed; and as to those issues the case is remanded to the District Court with directions to transfer it to the law side of the court, where within thirty days from the date of this order the plaintiff may have leave to amend its bill of complaint into an action at law for breach of the contract of October 2, 1916."

Under the authority of this mandate, the plaintiff amended its bill of complaint into an action at law to recover damages for the alleged breach of the contract of October 2, 1916, which contract was in the form of a letter written by the plaintiff to the defendant, in which the following language was used:

"It is further definitely understood and agreed between us that any improvements, whether of a mechanical nature or in the process, which may be developed as the result of the work of your engineers and experts in familiarizing themselves with the Jenkins apparatus and process, shall accrue to the Jenkins Petroleum Process Company, and that you shall so far as you are able to do, cause your employees carrying on

274

such experimental work to execute applications for patents for the United States and any other countries to protect any such improvements, but at the expense of Jenkins Petroleum Process Company and to assign said applications, together with the improvements they are intended to protect, to the Jenkins Petroleum Process Company."

The declaration, now embracing three counts, alleges in substance that the defendant's expert, Isom, in familiarizing himself with the Jenkins apparatus and process, did develop improvements to which the plaintiff was entitled, and that Isom made an application for a patent covering the same; but that, in contravention of the agreement between the parties, the defendant caused Isom to assign his application to the defendant instead of to the plaintiff, and that the defendant used the application to obtain a patent covering the alleged improvements and has made extensive and profitable use of it, and has failed and refused to compensate the plaintiff for its use.

■■ The allegations in the plaintiff's declaration that the defendant broke the contract because it failed to cause Isom, its agent, to assign his application for letters patent to the plaintiff and to turn over to the plaintiff the improvements that he had discovered in the Jenkins process, are obviously well pleaded, and, if there is any breach of the contract, it is exactly in that respect. The further allegations that the defendant failed to assign the patent subsequently obtained on the Isom application, but used it widely and profitably in its business and refused to pay the plaintiff for its use, seem to me entirely irrelevant to any issue in the action at law, and indicate that the plaintiff—while it has changed the form of its original action —has not changed its theory that it is equitably entitled either to the Isom patent or to the benefit the defendant reaped from it. As it has been decided that the plaintiff is not entitled to the Isom patent, and as this is not a suit for infringement, it is clear that the question of the use or the value of the use of the Isom patent by the defendants has no materiality whatever.

■ The pending suit at law is and should be regarded simply as an action to recover damages for the failure of the defendant to cause to be turned over to the plaintiff something alleged to be of value, viz., the Isom application and the improvements covered by it. The letters patent show that Isom assigned his application to the defendant. It is asserted by counsel that the records of

the Patent Office show that the application had been so assigned when it was filed, in which case it would seem that any breach occurred not later that September 10, 1917, when the application was filed. For a breach of the contract, the plaintiff is entitled to compensation commensurate with its loss at the time of the breach. This cannot take the form of compensation for defendant's use of the property after the breach, even if it is difficult to fix the value of the property or otherwise determine the amount of the plaintiff's loss at the time of the breach.

In this form of action, the plaintiff is entitled to recover the full money equivalent of the property it has been wrongfully deprived of, but "the rights of the parties in respect to a breach of the contract became fixed at the time thereof." 17 Corpus Juris, 880.
■ The allegation of the plaintiff in its several counts in the declaration that the defendant has "failed and refused to compensate said plaintiff for said wide and extensive and profitable use," occurring over a long period and years after the date of any breach, is mere surplusage, and must be so considered when this suit comes to trial.

In this situation, and with this background, the plaintiff brings this bill of discovery in aid of its action at law, alleging that for the period of ten years or more subsequent to November 19, 1919, the defendant carried on an extensive business in the cracking of petroleum oils, operating many stills embodying the characteristic features of the Isom patent, and producing a large quantity of gasoline and other petroleum products with that patent as the basis of its production; further alleging that the plaintiff cannot prove its damages in the action at law without information covering the cracking stills operated by the defendant, including the number and nature of stills, to be shown by drawings, etc., the number of barrels of gasoline and other products resulting from its cracking processes from any such stills, and the amount of petroleum oil charged into the stills, setting forth interrogatories to be answered covering operations by the defendant during that period, involving information and figures which its attorneys say would require the laborious activities of accountants many months to compile, and the disclosure of which to the public might greatly damage the defendant.

The information asked for admittedly relates wholly to the matter of damages. The defendant contends that for that reason, among others, a bill of discovery will not

lie, and also that the information asked for is not pertinent to the inquiry under any rule of damages applicable to the case. A motion to dismiss the bill was made, and the case now comes up on that motion.

In support of its proposition that a bill will not lie when a discovery sought relates solely to the amount of damages in the action at law, the defendant strongly relies upon two cases in the Second Circuit, Munger v. Firestone Tire & Rubber Co. (C. C. A.) 261 F. 921, 922, and Loose v. Bellows (C. C. A.) 266 F. 81, 83.

Counsel for plaintiff questions the authoritative value of the Munger Case on the ground that it is not in harmony with the older authorities, and that it possibly represents a misapplication of the principle that, in an action in which the issues of liability and damages are severable and are not to be tried together, discovery in relation to damages is usually not allowed until the plaintiff has prevailed on the first issue and thereby established his right to some damages; and suggests that the Loose Case could have been decided the same way by applying the principle that, if a bill for relief and discovery cannot be sustained as to the relief, it necessarily falls as to the discovery.

The language of the court in the Munger Case, and the circumstances of that case, hardly authorize the interpretation suggested by counsel for plaintiff. In this opinion the court said:

"However, the plaintiff, having gone to law, and having applied to equity solely for discovery, without other relief, can have only such discovery as equity grants. While the inconvenience of the remedy at law may authorize a suit in equity, that fact cannot in any way extend the jurisdiction of course of equity in respect to discovery. * * *

"In other words, equity grants discovery in aid of a plaintiff's right or cause of action or in aid of a defendant's defense. These are defined by the issues of the case; whereas the amount of damages is never at issue. If a plaintiff prevail upon the issues upon his cause of action, he will be entitled to nominal damages, though he prove no damage at all, and of course, if a defendant prevail upon the issues as to his defenses, no damages will be recoverable. The amount of damages is not an issue, but follows the determination of the issues in the case, and discovery is granted only in aid of the issues.

"This undoubtedly puts the plaintiff in this particular case in a very embarrassing situation. The trial judge will have to determine when he shall have made out a sufficient case to justify an examination of the defendant's books, papers, etc. A contrary conclusion would introduce a dangerous practice. All a patentee would have to do in order to completely ventilate a competitor's business would be to bring an action at law for infringement and then apply to a court of equity for discovery in aid of it. We speak of the possibility of this danger generally, because no such purpose appears in this case.

"No decision upon this precise question has been called to our attention, though it was raised, but not decided, in Colgate v. Compagnie Francaise du Telegraphe de Paris a N. Y. (C. C.) 23 F. 82."

In the Munger Case a petition for certiorari was presented to the Supreme Court and denied. 252 U. S. 582, 40 S. Ct. 392, 64 L. Ed. 727. The way the case was presented to the Supreme Court, according to the record, as described by counsel for defendant here, who have examined it, would also indicate that the opinion of the Circuit Court was not open to the criticism suggested by counsel.

The Munger Case was a patent infringement case and not an action for breach of contract; but the same court, in the case of Loose v. Bellows, held that the same ruling applied in a suit for breach of contract.

██ "Chancery grants discovery when the law affords no adequate remedy to extract from a defendant facts in his exclusive possession which are a part of or constitute the cause of action. But mere difficulty of proving his case will not confer on a plaintiff the right to file a bill. United States v. Bitter Root Co., 200 U. S. 472, 26 S. Ct. 318, 50 L. Ed. 550. Equity will not aid law to ascertain damages by entertaining a bill for discovery. Munger v. Firestone, etc., Co. [C. C. A.] 261 F. 921. A fortiori will it not retain a bill when the discovery desired has no other purpose than the liquidation of damages."

██ As the sole purpose of the bill in the instant case is to discover evidence affecting the amount of damages, I hold that for that reason the bill cannot be maintained.

██ Also it seems clear that evidence of the value of the use of the Isom patent by defendant long after the date of the alleged breach, as I have fixed it, is not pertinent to the inquiry in the suit at law, and it would be inadmissible, if offered.

██ I should regard evidence of value of the Isom patent itself as inadmissible, in the

absence of evidence referring its value to the date of the breach of the contract.

Assuming that the Isom patent can be identified with the improvements in the Jenkins process which the plaintiff claims to have been deprived of, evidence of its value after the breach could only be admitted as an exception to the general rule that the plaintiff's rights should be determined as of the date of the breach. The plaintiff claims to come within such an exception, i. e., the rule of the highest intermediate value of the property from the date delivery should have been made to the date of the trial; but this rule is limited by the cases cited and others to cases of conversion of stocks of corporations, and like property, of a speculative character, and would have no proper application here.

A consideration of the evidence sought to be obtained by the plaintiff in this bill and its applicability to the issues presented by the suit at law leads me to the conclusion that such evidence would be irrelevant and immaterial if offered in the trial of the suit; and of course, under those circumstances, the discovery is futile, and should not be allowed.

It is quite apparent from the decisions of the Supreme Court, as well as various courts of appeal, that, while the remedy by a bill of discovery has not been abolished, it may be used only in exceptional cases in the present practice since the enactment of section 724 U. S. Rev. St. (28 USCA § 636).

In Bradford v. Indiana Harbor Belt R. Co., 300 F. 78, 80, the Circuit Court of Appeals in its opinion said: "The bill in equity for discovery in aid or defense of actions at law has fallen quite into disuse, since section 724 U. S. Rev. St. [28 USCA § 636], became effective." The court quoted the Supreme Court in Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842, where it was said that "the purpose of the provision [i. e. section 724 (28 USCA § 724)] is to provide a substitute for a bill of discovery in aid of a legal action." Safford v. Ensign Mfg. Co. (C. C. A.) 120 F. 480; United States v. Bitter Root Development Co. (C. C. A.) 133 F. 274.

I consider that the court should not require the discovery except on a clear showing where the information desired is very certainly admissible in evidence in the principal suit, and not as evidence merely, but as ultimate facts material to the issue. Wolcott v. National Signaling Co. (D. C.) 235 F. 224; Taylor v. Ford Motor Co. (D. C.) 2 F.(2d) 473.

The claim of the defendant here that irreparable damage would be caused it by answering the interrogatories in the bill, and the obviously great length of time and labor involved in compiling the information required, are additional reasons for requiring a clear showing by the complainant.

My conclusion is that the motion of the defendant must be granted, and the bill dismissed. A decree has been signed to that effect.