**INDIANAPOLIS AMUSEMENT CO. v. METRO–GOLDWYN–MAYER DISTRIBUTING CORPORATION et al.**

No. 6086.

Circuit Court of Appeals, Seventh Circuit.
June 12, 1937.

H. K. Bachelder and Wm. C. Bachelder, all of Indianapolis, Ind., for appellant.

Frank C. Dailey, Perry E. O'Neal, George S. Dailey, and Robert A. Efroymson, all of Indianapolis, Ind., for appellees.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellant, proprietor of a moving picture theater in Indianapolis from 1922 to 1927, began an action at law against appellees, film distributors, charging them with conspiracy to violate the Anti-Trust Laws of the United States (15 U.S.C.A. § 1 et seq.). It alleged that by such illegal action, it was forced to exhibit pictures of an inferior quality and to contract and pay for more reels than needed, with resulting loss of customers, business and good will.

Appellees answered and, later, before trial, filed their bill in equity for discovery, averring that, in order properly to prepare for defense of the action at law, it was necessary that they have discovery as to various matters, including the name of the theater, the period of operation, the interest of appellant, the substance of and names of parties to contracts showing appellant's interest, the names of pictures exhibited, attendance at the theater, scale of admission, daily receipts and expense, contracts between appellant and appellees, amounts paid for films, the names of films claimed to be inferior in character, the character of liquidation of appellant's property and full information concerning the same, final disposition of the assets and the specific transactions upon which appellant relied in its claim for damages.

Appellant moved to dismiss the bill. The motion was overruled, and appellant thereupon answered, denying that it was necessary, in order to make proper defense, that appellees have discovery; that to allow same would in no way speed the trial; that the information requested was not material to the issues but, if pertinent, was a part of appellant's burden in the law action and then was, or had been, within the knowledge of appellees; that the only purpose of the bill was unreasonably to attempt to delve into appellant's records; and that appellees have an adequate remedy at law.

Upon the face of the pleadings, the court entered an order directing appellant to answer certain of the interrogatories propounded. Thereupon this appeal was perfected.

Immediately confronting us is the question of adequacy of appellees' legal

remedy. 2 Burns' Ind.Stat.Ann.1933, § 2-1644, p. 279, provides that the court may, upon proper showing, compel either party to produce books, records, and documents at or before the trial. However, Congress itself has enacted legislation upon the same subject matter. 28 U.S.C.A. § 636 provides that in trials of actions at law, the court may require parties to produce books or writings which contain evidence pertinent to the suit, under circumstances where they might be compelled to produce the same by the ordinary rules of proceedings in chancery. Despite the Conformity Act, 28 U.S.C.A. § 724, the federal legislation controls in trials in the federal courts, and the production of books and papers therein is regulated by section 636, previously cited, and the statutory provisions of a state upon such subject matter do not apply to procedure in the federal courts. General Film Co. v. Sampliner, 232 F. 95, 96 (C.C.A.6); Ex parte Fisk, 113 U.S. 713, 5 S.Ct. 724, 28 L.Ed. 1117; Hanks Dental Ass'n v. International Tooth Crown Co., 194 U.S. 303, 24 S.Ct. 700, 48 L.Ed. 989.

█ The purpose of section 636 was to give courts of law the power to do what courts of equity could do in the matter of using documents, without the formality of going into a court of equity with a bill of discovery in aid of an action at law. Carpenter v. Winn, 221 U.S. 533, 31 S.Ct. 683, 55 L.Ed. 842. But by the act a party may not be compelled to produce evidence before trial. Consequently, the remedy by a bill for discovery in aid of the action of law is still open to secure evidence before the trial. Carpenter v. Winn, supra. There the court remarked that a court of equity does not lose its jurisdiction to entertain a bill for the discovery of evidence because the powers of the court have been enlarged so as to make the equitable remedy unnecessary in some circumstances. Consequently it appears authoritatively established that appellees' remedy by way of bill for discovery in aid of the action of law still exists.

█ A bill will not lie to pry into the case of an adversary, to learn its strength or weakness. A discovery sought upon suspicion or vagueness is of fishing character and will be dismissed. The province of discovery is not to disclose in what manner the other party intends to make out his case at law. A plaintiff in equity is entitled only to the discovery of such matters within the knowledge or possession of his opponent as will enable him to make out his own case. Carpenter v. Winn, supra.

█ Appellant insists that appellees' bill was within the category condemned and that they were not entitled to have the interrogatories answered because the latter bear almost entirely upon the question of appellant's damages. They insist that a defendant in an action at law is not entitled to discovery with reference thereto. The language of Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 738, 77 L.Ed. 1449, 88 A.L.R. 496, seems to us, in its reasoning, decisive against these contentions. The court there said: "The case according to common-law practice must be tried as a unit and not broken into parts. In such circumstances damages may be proved with the aid of a discovery, if the complication of accounts or other practical impediments make it necessary that the evidence be sifted in advance. * * * Munger v. Firestone Tire & Rubber Co. (C.C.A.) 261 F. 921, is cited by the petitioner as supporting a general rule that the necessity of proving damages is never a sufficient ground for a discovery in equity. * * * The point is made in it that damages are not part of the 'issues' in a lawsuit, and that the interrogatories to be answered by a defendant under a bill of discovery are to be directed to the issues and not to anything else. There is indeed a rule of common-law pleading that the statement of general damages in the ad damnum clause of a complaint is not an issuable allegation. * * * This does not mean, however, that the plaintiff will not have to prove his damages if he wishes to get more than a nominal verdict. Quite to the contrary, it means that he will have to prove them though the defendant has omitted to deny them in the answer. It is a non sequitur to argue from this that the quantum of the damages is not a part of the case to be proved through the aid of a discovery if proof upon the trial will be burdensome or difficult." See Title 28 U.S.C.A., "Equity Rules," [following section 723].

From the court's reasoning, it seems clear that the right to discovery on the subject matter of damages is available to a defendant as well as to a plaintiff. The purpose of discovery is to prevent clumsy

or wasteful litigation and there is no distinction in reason in granting the relief to a defendant and allowing the remedy at the suit of a plaintiff. Such relief was granted in Pape v. Lister, L.R. 6 Q.B. 242; and Iroquois Hotel & Apartment Co. v. Iroquois Realty Co., 126 App.Div. 814, 111 N.Y.S. 172

[9] Since the adoption of Equity Rule 58 (28 U.S.C.A. following section 723), bills for discovery connected with a prayer for other relief in equity are superseded by the method provided by the rule. The discovery formerly obtained by such bills is now granted under the rule. Though the practice as to bills for discovery in aid of action at law remains, in all essentials, the same as previously, the courts quite generally follow the same reasoning as in cases under the rule. We know of no limitation upon the practice that would forbid discovery to defendants as well as to plaintiffs. The right to discovery as to matters material to the cause of action or defense of the interrogating party will not be defeated by the fact that such matters also involve the ground of defense or action of the interrogated party. J. H. Day Co. v. Mountain City Mill Co. (D.C.Tenn. 1915) 225 F. 622.

■ The court sustained appellant's objections to some of the interrogatories propounded, evidently having in mind the limitations upon appellees' right to discovery. Appellees may not engage in a fishing expedition, but in the interest of seemingly orderly diligence there is no reason why appellees should not have in advance of the trial at law that which they are entitled to have under the statutes at the time of trial. The information requested enters into the elements of appellant's damages. It relates to the character of its business; the amount thereof; the income; the expense; the tickets sold; the films purchased, all of which are material, not only to appellant but also to appellees in their attempt to show little or no damage and their seeking to know just wherein appellant claims to have been damaged. This extent of the inquiry is largely one of discretion for the District Court. To hold that one is entitled to a discovery is not to say that the remedy will be granted without limit. Sinclair Refining Co. v. Jenkins Petroleum Process Co., supra. We have no doubt that the chancellor will exercise a wise discretion in awarding relief under the bill protecting the rights of both appellees and appellant.

■ It is contended that the court should have heard evidence. Ordinarily the court may determine from an examination of the bill and answer whether it is proper to allow the relief. It appears that the issue was clearly defined by the bill and answer; that the interrogatories were directed to ascertain the truth upon the issues presented in the common-law suit. We can see no necessity of other evidence. The practice under Equity Rule 58 governs and there is no occasion for any hearing or decree upon the bill. Pressed Steel Car Co. v. Union Pacific R. Co., 241 F. 964 (D.C.N.Y.). We are confirmed in this position by the fact that the record is silent as to any request by either party for opportunity to present additional evidence.

Finding no error in the court's action, the order of the District Court is affirmed.