Homer S. Cummings, Atty. Gen., Robert H. Jackson, Berkley W. Henderson, Paul Williams, and Wendell Berge, Asst. Attys. Gen., and John A. Erhard, Asst. U. S. Atty., of Dallas, Tex., for the motion.

Thompson, Knight, Baker, Harris & Wright and John R. Moroney, all of Dallas, Tex., opposed.

## UNITED STATES v. INTERSTATE CIRCUIT, Inc., et al.
### No. 3736—992.

District Court, N. D. Texas, Dallas Division. Sept. 8, 1937.

ATWELL, District Judge.

The United States, complaining of Interstate Circuit, Inc., Texas Consolidated Theatres, Inc., Carl Hoblitzelle, R. J. O'Donnell, Paramount Pictures Distributing Company, Inc., Vitagraph, Inc., RKO Radio Pictures, Inc., Columbia Pictures Corporation, United Artists Corporation, Universal Film Exchanges, Inc., Metro-Goldwyn-Mayer Distributing Corporation, Metro-Goldwyn-Mayer Distributing Corporation of Texas, Twentieth Century Fox Film Corporation, and Twentieth Century Fox Film Corporation of Texas, alleged a conspiracy to violate the national anti-monopoly statute. It is claimed that the first four defendants exhibit pictures in theaters at Abilene, Amarillo, Breckenridge, Brownsville, Brownwood, Corsicana, Denison, Denton, Eastland, El Paso, Harlingen, McCauley, Mercedes, Mexia, Paris, Ranger, Temple, Tyler, Vernon, Waco, Wichita Falls, Dallas, Houston, San Antonio, Fort Worth, Galveston, and Austin, Tex., and in the city of Albuquerque, N. M., so that they control one hundred and nine different theatrical exhibition

places. Defendants Hoblitzelle and O'-Donnell are officers in the Interstate Circuit, Inc., and Texas Consolidated Theatres, Inc. That the other defendants are in the business of distributing motion picture films for exhibition. The action is, therefore, one by the government for an alleged improper agreement or understanding between the exhibitors and distributors named as respondents.

The gravamen of the allegations· is that the exhibitors, who operate first run houses, sought and obtained from the distributors an agreement for a fixed price to be charged to see second run feature pictures, exhibited by others, and the further understanding that no second run pictures should be used as a second feature in the second run theaters.

The case was at issue in February, 1937. The parties secured its passing until the May term. During that term the cause was set down peremptorily, by agreement, for Monday September 20th.

After this setting, an agreed statement was entered into respecting certain facts.

On September 2d, the complainants filed a motion and notice to the respondents that on the 8th of September, 1937, they would ask the court for a summary order requiring respondents to produce for inspection certain correspondence, memoranda, and writings. The records were described as correspondence, etc., that had passed between them during the three years preceding. Upon argument of the motion that time limit has been narrowed to the period between April, 1934, and the 1st of January, 1935.

They base their right to ask for the order upon Equity Rule 58 (28 U.S.C.A. following section 723).

That rule provides that: "The plaintiff at any time after filing the bill and not later than twenty-one days after the joinder of the issue, * * * and either party at any time thereafter by leave of the court or judge, may file interrogatories in writing for the discovery by the opposite party ·* * * of facts and documents material to the support * * * of the cause."

No interrogatories have been propounded. They suggest that an affidavit, of one of the counsel, which is attached to the motion, may be used as the basis for the order, and instead of the interrogatories. This affidavit is upon knowledge and belief. Such knowledge and belief is predicated upon evidence said to have been taken in a civil case in a state court several years ago, at which time it is claimed that respondent O'Donnell and respondent Hoblitzelle testified to the exist·- ence of certain communications.

Even if such a discovery makes it unnecessary to comply with the interrogatory feature of rule 58, which I do not now decide, it cannot support a finding by the court that, if there were such communications several years ago, they are still in the possession of the respondents, or any of them.

Rule 58 is for the purpose of assisting a litigant to discover something that comes within its definitions. When such a discovery is made, there is something upon which the court may act. If there is no discovery—if there is a water haul— then a summary order would be quite out of place. That a business concern, or men, had a letter or a copy of a letter several years ago, may be somewhat persuasive that the letter is still in existence, but the ultimate fact of the existence is not thereby established.

In the case of Maywood v. Texas Company, 17 F.(2d) 490, this court lumped some of the important decisions in studying a similar request. The law seems to be that, if a party can be brought to acknowledge the possession of a document which appears to be pertinent to the issue, then that party will be required to produce it, but not until it does so acknowledge. Any other rule would justify fishing among the private papers of the adversary.

Briefly stated, the acknowledgment of possession is a prerequisite of a summary order.

In Indianapolis Amusement Company v. Metro-Goldwyn-Mayer Distributing Corporation et al., 90 F.(2d) 732, the Circuit Court of Appeals for the Seventh Circuit, quite recently, in trying a similar application at law, under our national statute, 28 U.S.C.A. § 636, treats, somewhat, the entire field, in both law and equity. Desire as we may to facilitate the trial and get at all the proof, we must not so disregard the rights of the parties as to, ourselves, do that which is improper.

It is quite possible, also, that the application comes too late. The rule grants an optional right to the plaintiff for twenty-one days after the joinder of issue,

and to the defendants at any time after filing answer and not later than twenty-one days after issue. After that either party may file, provided the court grants leave to do so. This application is merely for a summary order, and there must be read into the rule the right of the court, in the exercise of sound discretion, to refuse, even, as he could refuse leave to file interrogatories, as already indicated.

Looking at the whole field, the application is very late; there is no certainty of the possession; there is no certainty as to the document wished'; issue has been joined many months ago. The motion should be, and is, denied.