**UNITED STATES v. AMERICAN SOLVENTS & CHEMICAL CORPORATION OF CALIFORNIA.**

**SAME v. AMERICAN SOLVENTS & CHEMICAL CORPORATION OF CALIFORNIA et al. (two cases).**

**Nos. 9–11.**

District Court, D. Delaware.

Nov. 8, 1939.

James M. Hoffa and Gerard Hartzog, Sp. Assts. to Atty. Gen., and Stewart Lynch, U. S. Atty., of Wilmington, Del., for the United States.

Walter S. Beck and Jay Leo Rothschild, both of New York City, and Herbert L. Cohen, of Wilmington, Del., for defendants.

NIELDS, District Judge.

Objections to defendants' interrogatories.

Plaintiff objects to answering interrogatory No. 16 in action No. 9, and No. 18 in actions Nos. 10 and 11. These interrogatories are substantially identical. For example:

"16. In connection with the answer to the interrogatory number 15, describe the facts which it is alleged put defendant's officers, agents and/or employees on notice of the fact that said purchasers purchased the same for the purpose of recovering from the said Mersol 1B—for beverage purposes—the distilled spirits therein contained.

"In this connection, if any such notice was orally conveyed to any of the officers, agents and/or employees of the defendant, state the time when, place where, and the name or names of any and all persons, who orally conveyed such notice or information to defendant's officers, agents, and/or employees; also the substance thereof.

"As to any part of such notice or information which was conveyed in writing, set forth an exact copy or copies thereof".

Plaintiff's objections are that an answer would involve (1) a disclosure of evidence; and (2) a disclosure of the arguments or theory of presentation which plaintiff will employ in seeking to establish knowledge on the part of defendants' officers and agents. Defendants admit that answers require the disclosure of evidence. They contend the new rules contemplate such disclosure. They deny that answers involve the second disclosure.

 Under the new rules, Rules of Civil Procedure, rule 33, 28 U.S.C.A. following section 723c, the scope of answers to interrogatories may vary with the special circumstances of the case. Here the interrogatories are propounded before answer filed to enable the defendant to answer. This is a civil action brought by the United States against a corporation which has been defunct for many years. The events complained of are alleged to have occurred about ten years ago. Plaintiff permitted its case to rest for five years before instituting action. Five more years have elapsed and the case is not yet ready for trial. Under such circumstances defendants are entitled to be fully informed of the Government's case to the extent here sought.

Plaintiff should answer these interrogatories.