**PUEBLO TRADING CO. v. RECLAMATION DIST. NO. 1500 et al.**

**Civil Action No. 5075.**

District Court, N. D. California, N. D.

Sept. 7, 1945.

472

W. Coburn Cook, of Turlock, Cal., for plaintiff.

Downey, Brand & Seymour, of Sacramento, Cal., for defendants.

WELSH, District Judge.

Plaintiff has filed suit to recover $3605 claimed to be due as principal and interest on certain bonds and coupons issued by defendant Reclamation District No. 1500, of which it claims to be the owner. Plaintiff alleges that it is a corporation and a resident of the State of Nevada and that defendants, and each of them, are residents of the State of California.

Defendants submitted 16 interrogatories to be answered by plaintiff pursuant to Rule 33, Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c. Plaintiff presented objections to 11 of said interrogatories.

Those to which plaintiff objects fall mainly into three groups. The first group includes those numbered 3 and 4, having to do with any agreement under which plaintiff claims to have acquired said bonds; and what consideration plaintiff claims to have paid therefor.

The second group includes those numbered 15 and 16, having to do with what right or claim any former owner may have to the proceeds of said bonds, and whether or not such former owners or any persons other than plaintiff have paid the costs or incurred liability for costs and attorney's fees in this action.

The third group includes those numbered 6, 7, 9, 10, 11, 12 and 13, having to do with the organization and shareholding of plaintiff corporation; at whose request was said corporation organized; were there any communications between persons in California and persons in any other State concerning its organization; who were the persons making such communications; what was the substance of such communications; who were the persons and attorneys participating in such organization; what are the names of the officers, directors and shareholders of said plaintiff corporation; how many shares have been issued, what is their par value; has there been any change in the officers,

directors or shareholders of plaintiff corporation since its organization, if so, what; what consideration was paid for issued shares; and do the present stockholders hold said stock for the benefit of any person or persons.

Said interrogatories, thus, are designed to establish facts surrounding (1) the acquisition of said bonds by plaintiff; (2) the institution of the present action, and (3) the disposition of any possible funds recovered by said action.

Defendants make the points in their briefs that they propose to show by said interrogatories that plaintiff did not become the actual owner of said bonds, that the former owners of the same still retain an interest therein, that said owners are residents of California, that plaintiff corporation was not organized for any purpose other than serving as a plaintiff in actions such as this, and that diversity of citizenship required to give this court jurisdiction does not exist.

Defendants in their answer on file raise as a second defense: "The complaint fails to state a cause of action within the jurisdiction of the United States District Court against defendants, or any of them"; as a sixth defense: "If plaintiff is the owner or holder of the bonds referred to in paragraph V of the complaint, said bonds were transferred to plaintiff by citizens of California for the purpose of creating a case cognizable in the United States courts, and said suit does not really and substantially involve a suit or controversy within the jurisdiction of the United States District Court"; and as a seventh defense: "This action is not prosecuted in the name of the real party in interest, but said action is prosecuted in the name of plaintiff for the use and benefit of divers persons who are citizens of the State of California and the real parties in interest in said action."

■ Information necessary to enable parties to present their defenses is obtainable by interrogatories under Rule 33. Westmoreland Asbestos Co. v. Johns-Manville Corporation, D.C., 30 F.Supp. 389.

■ It has been held that the scope of discovery under Rule 33 may be as broad as the scope of examination by deposition as provided by Rule 26(b). United States v. American Solvents Co., D.C., 30 F.Supp. 107.

The scope of interrogatories under Rule 33 is as broad as the scope of examination by deposition, as provided by Rule 26(b), which permits examination "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Munzer v. Swedish American Line, D.C., 35 F.Supp. 493, 497.

This Court agrees with the attitudes expressed in A. B. Dick Co. v. Underwood Typewriter Co., D.C., 235 F. 300, 304, "to be liberal as to interrogatories," and in Zolla v. Grand Rapids Store Equipment Co., D.C., 46 F.2d 319, "to be very indulgent in allowing interrogatories."

■ In Indianapolis Amusement Co. v. Metro-Goldwyn-Mayer, 7 Cir., 90 F.2d 732, it was said that the extent of the inquiry under a bill for discovery rests largely in the court's discretion. It was also held that Federal legislation concerning the production of books or writings controls, and State statutes are inapplicable, notwithstanding the conformity act.

Plaintiff places reliance on McClatchy Newspapers v. Superior Court, 26 Cal.2d —, 159 P.2d 944. While the Supreme Court of California sets forth therein that an affidavit must identify desired books, papers and documents and show that they contain competent and admissible material, it also uses language which answers many of plaintiff's objections herein:

"Different principles govern the determination of the materiality of evidence sought to be obtained by means of deposition and the admissibility of evidence offered upon the trial. The relevancy of evidence on the taking of a deposition is to be determined by the subject matter of the action and by the potential as well as actual issues in the case." 26 Cal.2d —, at pages —, —, 159 P.2d 944, 949.

■ Defendants have the right to try to prove by interrogatories that this is not a case properly within the jurisdiction of this court; and that plaintiff has improperly or collusively been made such for the purpose of creating a case cognizable herein. Such is the intent of Section 80, Title 28 U.S.C.A., which reads:

"If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit

474

has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

In Williams v. Township of Nottawa, 104 U.S. 209, 211, 26 L.Ed. 719, as herein, the suit was based upon certain bonds. It was dismissed because the bonds were transferred "solely for the purpose of collection * * * and * * * 'for the purpose of creating a case' * * * cognizable in the courts of the United States."

■ If this action has not been commenced by the real party in interest, or in the proper forum, defendants are entitled to so show.

Chandler v. Cutler-Hammer, Inc., D.C., 31 F.Supp. 453, 454, contains language which is applicable here:

" 'To keep in step with the purpose and spirit underlying the adoption of these rules, it is better that liberality rather than restriction of interpretation be the guiding rule.' * * * 'It should be noted that Rule 33 does not expressly define the scope of discovery permitted under it. Since there is an unlimited right to discovery by taking depositions under oral examination or upon written interrogatories, the silence of Rule 33 on this matter must be construed to permit discovery of the same scope. There is no reason to grant an unlimited right to discovery by deposition on the one hand and restrict discovery under Rule 33 on the other hand. Rule 33 provides merely a less formal and less expensive method of examining an adverse party before trial than the deposition method, * * *.' "

■ Plaintiff's objections will, therefore, be overruled, and plaintiff will be required to answer all of said defendants' interrogatories within fifteen days after notice of this order.